■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LEGGETT, Appellant.—Appeal from a judgment of the County Court of Schenectady County, rendered April 5, 1975, upon a verdict convicting defendant of the crime of criminally negligent homicide. This conviction arose out of the death of a two-year-old girl caused by a blow rendered to the child's abdomen. On appeal, defendant contends: (1) that testimony as to previous alleged acts of abuse committed by defendant upon the infant victim were erroneously admitted into evidence; (2) that the prosecutor's use of notes written down by a police officer during a postarrest conversation with the defendant and the subsequent admission into evidence of the notes constitutes reversible error; (3) that the Trial Judge abused his discretion by failing to exclude trial witnesses from the courtroom; (4) that the absence of the defendant during an in-chambers inquiry into the possible misconduct of

a juror constitutes reversible error; (5) that the Trial Judge committed reversible error by refusing to review *in camera* the social services department file of the mother of the infant victim; and (6) that the summation of the prosecutor was so prejudicial as to mandate reversal. Even assuming that error was committed below based upon the first two contentions, in light of the overwhelming proof of defendant's guilt, consisting in part of several admissions, by both word and deed, and a signed written confession, these two errors must be deemed harmless *(People v Crimmins,* 36 NY2d 230). Since defendant has failed to show any prejudice resulting from the presence of trial witnesses during the testimony of other witnesses, it cannot be said that the Trial Judge's failure to exclude the witnesses was an abuse of discretion *(People v Felder,* 39 AD2d 373, affd 32 NY2d 747, app dsmd 414 US 948). As to the absence of the defendant during an in-chambers inquiry into possible juror misconduct, suffice it to say that the presence of defense counsel during the interview constituted an adequate protection of defendant's right to be present at every stage of the trial *(People v O'Keefe,* 281 App Div 409, affd 306 NY 619, cert den 347 US 989). Absent a showing of some compelling reason crucial to his defense, and in view of the confidentiality of a Social Services Department file, defendant was not entitled to have such file made available to him (cf. *People v Prim,* 47 AD2d 409; CPL 240.20, subd 3). Finally, the closing remarks of the prosecutor, when considered in the light of the summation of defense counsel and the weight of the evidence against the defendant, were within proper bounds and did not constitute error, nor serve to deprive the defendant of a fair trial *(People v De Cristofaro,* 50 AD2d 994). Judgment affirmed. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.