■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOSEPH WILLIAMS, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered January 19, 1976, upon a verdict convicting the defendant of the crimes of criminal sale of a controlled substance in the

third degree and criminal possession of a controlled substance in the third degree. Defendant's sole contention on this appeal is that he was deprived of a fair trial due to the prejudicial and improper summation by the prosecutor. Specifically, the defendant contends that the prosecutor improperly referred to the defendant as the "main connection" for illicit drug sales in the City of Binghamton; that the prosecutor accused him of causing the disappearance of a key prosecution witness; that the defendant was accused of other crimes with which he had not been charged; and that the comments with reference to the prevalence of narcotics in the Bronx where the defendant was raised were also improper. The record discloses that the prosecutor's remarks were made in response to the defendant's own testimony attacking the police officers and accusing them of lying and of "framing" him. The summation of the defense attorney was also to the same effect, outlining his theory as to how the defendant was "framed", without any evidence in support of that theory. Considering the potentially prejudicial arguments of the prosecutor in this context, and that the proof of guilt is virtually conclusive, we cannot say that the remarks complained of were of reversible dimension *(People v Patno,* 55 AD2d 965; *People v De Cristofaro,* 50 AD2d 994). In the circumstances of this case there is "no significant probability in the light of the overwhelming proof" that had it not been for the remarks in question the jury would have acquitted the defendant *(People v Crimmins,* 36 NY2d 230, 243). Judgment affirmed. Koreman, P. J., Greenblott, Sweeney and Larkin, JJ., concur; Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). On this appeal defendant contends that he was deprived of a fair trial by the prejudicial and improper remarks made by the prosecutor in his summation. The record substantiates the defendant's contention that the prosecutor transgressed the bounds of propriety in his devastating comments during the trial and in summation. The errors committed by prosecutor were, unfortunately, not followed by any curative instructions from the court and were excessive and detrimental to defendant so as to deny him his constitutional right to a fair trial. At one point in the summation, the District Attorney referred to the defendant as "the main connection for illicit drug sales in the City of Binghamton". The trial record was bereft of any such evidence. The characterization of the defendant was highly prejudicial and not fairly supported in the evidence. At another point, the District Attorney proceeded by direct statements and rhetorical innuendo to place the responsibility for the disappearance of the police informant on the defendant. The record is barren of facts permitting such an inference and suggestion to that effect was highly prejudicial to the defendant. Perhaps the worst and most prejudicial excesses of the District Attorney occurred when he asked the rhetorical questions in summation, "How many times has he sold to kids at Broome Tech, maybe even kids in high school? We don't even know about those". The District Attorney by these statements accused the defendant of crimes with which he was not charged and recklessly went beyond the evidence of the case in suggesting that the defendant is disreputable and possibly guilty of other crimes, evidence of which did not appear on the record. During the trial, the District Attorney on several occasions, by his interjections, made himself an unsworn witness with respect to the reputation of the neighborhood where defendant grew up in by stating, "Ladies and gentlemen, the South Bronx is a jungle, an absolute jungle. You know that yourself, and he tells you there are no narcotics down there". He did likewise by referring to information possessed by defense counsel in his capacity as defense counsel for the missing witness Seymour, in another

unrelated matter, and improperly brought this information to the jury's attention. The veracity of the police as opposed to that of the defendant was further improperly alluded to by the District Attorney when he said, "You know, if you are going to find him not guilty, you're going to call those cops liars and it was a frame". The District Attorney could have properly commented on the accuracy and perceptiveness of witnesses for the People as opposed to the defendant, however, the suggestion that a verdict of not guilty is a repudiation of the police is highly improper. The prosecutorial excesses were so inflammatory and prejudicial and the failure of the court to cure them and to otherwise restrain the prosecutor denied the defendant a fair trial. It is not appropriate under these circumstances to concern ourselves with whether or not there is a significant probability that the defendant would have been acquitted on one or more charges but for the errors *(People v Ashwal,* 39 NY2d 105; *People v Crimmins,* 36 NY2d 230; *People v Broady,* 5 NY2d 500; *People v Eanes,* 43 AD2d 744; *People v Williams,* 40 AD2d 1023). The judgment should be reversed and a new trial ordered.