■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WALKER, Appellant.—Judgment of conviction of robbery, first degree, Supreme Court, New York County, rendered February 3, 1977, modified, on the law, by reduction to robbery, second degree, the sentence vacated, defendant-appellant remanded for resentence, and otherwise affirmed. John Clark was ascending a stairway in a brownstone building when suddenly there was a melee between defendant, codefendant Ashland, and Clark. It was the prosecution's theory, accepted by the jury, that the other two attacked Clark; indeed, at one point, defendant put his hand in Clark's pocket. Others joined the battle on Clark's side. In any event, it appears that defendant fell or was kicked down the stairs. Clark's briefcase similarly went to the bottom of the stairs, but defendant ran out of the building. Ashland, however, seized the briefcase and menacingly displayed a knife to the others present, and then ran away. The jury, charged as to robbery and lesser included counts, convicted of the most serious crime, first degree robbery. The question is whether Ashland's display of the knife after defendant had fled the premises is attributable to the defendant. We think not. While there was no formal renunciation, it would appear that defendant had ceased participation in the episode when he fled so that, as to him, there is at least a reasonable doubt whether he continued as an accomplice, even assuming Ashland's participation continuously in an ongoing crime. In any event, the knife claimed to have been taken from Ashland was not properly admitted into evidence. There was no chain whatever connecting it to him, let alone to defendant. The officer said to have found it on Ashland's person was never produced as a witness, and the court erred in not giving the classic missing witness charge as to him. On both scores, the failure to connect the exhibit with defendant, and the lack of connection by defendant with Ashland's threatening gesture, removed the knife from the case as the "deadly weapon" (Penal Law, § 160.15) which would have made the crime robbery, first degree, as to this defendant. Accordingly, the proof is of robbery, second degree (Penal Law, § 160.10, subd 1—"aided by another person actually present"), as it occurred on the stairs. Concur—Lupiano, J. P., Birns and Markewich, JJ.; Silverman and Sullivan, JJ., dissent in the following memorandum by Sullivan, J.: The knife was properly received in evidence. Four witnesses testified that the codefendant, Ashland, wielded a knife during the robbery and his attempted escape therefrom. Three of these witnesses also placed this weapon in Ashland's possession just before his capture. No one saw him discard it. The test of admissibility is whether the connection between the physical evidence and the defendant "is not so tenuous as to be improbable" (People v Mirenda, 23 NY2d 439, 453). Assuming, arguendo, that the missing witness charge was otherwise appropriate, it has no application here where the officer's identity was unknown. The People cannot be charged with control over a witness whose identity

they do not know. Officer Mecada testified fully as to the missing witness' involvement in the scenario and the reasons why he was not produced. Of course, defense counsel had the right to and did in fact comment in their summations on the witness' nonproduction. Finally, there was more than sufficient evidence to find that Ashland's display of the knife was in furtherance of the joint enterprise. When the knife was first demonstrated, the robbery was still in progress. There was no abandonment on defendant's part. At most, he decided to get a step on his pursuers. The judgment should be affirmed.