■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS HICKS, Appellant. — Judgment, Supreme Court, New York County (Torres, J.), rendered January 23, 1980, convicting defendant, after a jury trial, of grand larceny in the third degree, criminal possession of stolen property in the second and third degrees, and petit larceny, and sentencing him to a term of two to four years, to run consecutively to a previous undischarged sentence, affirmed. In response to defendant's *Sandoval* motion (*People v Sandoval,* 34 NY2d 371) the trial court ruled that it would permit the District Attorney to cross-examine the defendant with regard to the number of felony and misdemeanor convictions the defendant had for a period of 10 years without, however, allowing inquiry into the nature of the convictions or the underlying facts. During the indicated period the defendant had been convicted of four felonies and eight misdemeanors, facts that the District Attorney, consistent with the ruling, was permitted to elicit on cross-examination. In *People v Sandoval* (*supra,* at p 375) the Court of Appeals stated that upon an application to limit the use of prior convictions of a defendant on his cross-examination "a balance must here be struck between the probative worth of evidence of prior specific criminal, vicious or immoral acts on the issue of the defendant's credibility on the one hand, and on the other the risk of unfair prejudice to the defendant, measured both by the impact of such evidence if it is admitted after his testimony and by the effect its probable introduction may have in discouraging him from taking the stand on his own behalf." (See, also, *People v Mayrant,* 43 NY2d 236, 239, 240.) In his *Sandoval* ruling, the trial court undertook to apply a working principle that had been developed primarily in cases in which a defendant's previous convictions, in whole or in substantial part, were for crimes substantially the same as those for which the defendant was on trial. As applied to such a situation, there is clearly merit in a balancing process that permits the prosecutor to bring out the fact of prior criminal convictions without the jury learning that the previous convictions were for crimes similar to that for which defendant was on trial. Indeed, without mandating that it be

followed in any particular case, we recognize that this approach may well be sensibly applied in other circumstances as well. In the instant case, however, the trial court erred in failing to consider the possibility that the number of convictions permitted to be disclosed might be more damaging to the defendant than was appropriate or necessary to the jury's evaluation of his credibility. However, the evidence of the defendant's guilt was overwhelming, and we see little reason to believe that a more appropriate *Sandoval* ruling on the issue would have affected the result. (See *People v Shields,* 46 NY2d 764.) Concur — Murphy, P. J., Sandler, Markewich and Asch, JJ.; Kupferman, J., would affirm without opinion.