■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE WOOD, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 10, 1981, upon a verdict convicting defendant of the crime of attempted murder in the second degree. Defendant was initially charged in a two-count indictment with attempted murder in the second degree and assault in the second degree. Thereafter, he was charged in a second indictment with attempted murder in the second degree and criminal possession of a weapon in the third degree. The trial court held that the first count of the first indictment was superseded by the first count of the second indictment which charged that: "with intent to cause the death of another person, the defendant took an axe, chopped through the door of 570 New Loudon Road, and assaulted one Robert Lee Fallen with the axe in an attempt to reach his wife, Mary Wood, to murder her." The second count of the second indictment was not joined with the indictment as superseded and defendant was found guilty of attempted murder in the second degree and not guilty on the assault charge. This appeal ensued. Defendant's wife testified that prior to the evening on which the incident in question occurred, defendant was away from home and on several occasions telephoned her and threatened to kill her, specifically asking her on the morning before the incident occurred if she had ever heard of the axe murder. The wife had the locks on the doors changed and her brother, Robert Fallen, agreed to spend the night at the Wood residence. Sometime after midnight defendant came to the house and gained entry by chopping the door down with an axe. After hearing the banging on the door, Mrs. Wood called the police. When defendant entered the house he encountered Fallen and a scuffle ensued. Fallen at some point received a laceration on his hand. The police arrived and defendant was apprehended as he ran out of the house. One of the officers testified that defendant stated he was going to escape and come back and do the job right. On this appeal defendant raises several issues urging reversal. He maintains that the crime of attempted

murder was not proved beyond a reasonable doubt. More specifically, defendant contends that since he was found not guilty of the assault upon Fallen he did not assault Fallen with an axe in an attempt to reach his wife as charged in the indictment. We disagree. The charge of assault on Fallen was unnecessary and surplusage as far as the count of the indictment charging the attempted murder of the wife was concerned. Without this language, the indictment would have sufficiently charged defendant with attempted murder of the wife. The record amply sustains the conviction of attempted murder in the second degree beyond a reasonable doubt (see *People v Bracey,* 41 NY2d 296). There is also no merit to defendant's contention that the verdict is not supported by the evidence because of the lack of credibility of much of the testimony. The testimony of the witnesses and their credibility were solely for the jury to consider. Implicitly, the jury credited the prosecution witnesses. Defendant also contends that the court abused its discretion in relation to certain *Sandoval* rulings (*People v Sandoval,* 34 NY2d 371). While defendant was convicted in 1954 of murder in the second degree, the court ruled that he could not be questioned as to that specific crime but could be questioned as to the fact that he was "convicted of a felony for which you received a sentence of 20 years to life". Defendant contends this was error. We disagree. The fact that defendant had been previously convicted of a serious offense was, in our opinion, relevant as to his credibility and the court avoided the undue prejudice which could have resulted if the jury learned that the previous conviction was similar to that for which defendant was on trial (see *People v Hicks,* 88 AD2d 519). Nor did the court, in our view, abuse its discretion in ruling that defendant could be questioned as to whether he had killed a dog with his bare hands or was previously convicted of endangering the welfare of a child and reckless driving, as such acts tend to show a furtherance of defendant's self-interest at the expense of society (*People v Bennette,* 56 NY2d 142). We also reject defendant's contention that certain statements made by the prosecuting attorney during his summation constituted reversible error. Improper summation should be assessed for its prejudicial effect (*People v Brosnan,* 32 NY2d 254, 262) and, in our opinion, the remarks of the prosecutor in the present case were not so prejudicial as to require a reversal. Considering the record in its entirety, there should be an affirmance. We have considered all other arguments urged by defendant for reversal and find them unpersuasive. Judgment affirmed. Sweeney, J. P., Main, Casey, Mikoll and Levine, JJ., concur.