■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID W. HANDLY, Appellant. — Appeals (1) from a judgment of the County Court of Franklin County (Plumadore, J.), rendered December 14, 1981, upon a verdict convicting defendant of the crime of burglary in the third degree, and (2) from a judgment of said court, rendered December 21, 1981, upon a verdict convicting defendant of the crime of petit larceny. Defendant appeals from convictions arising out of his breaking into a food market in Malone, New York. Defendant alleges that the court erred in its *Sandoval* ruling which permitted the prosecution to inquire on cross-examination as to defendant's prior convictions for misdemeanors, but not to inquire as to the nature of these convictions or their underlying facts. The use of the *"Sandoval* compromise" properly allowed the jury to hear evidence bearing on defendant's credibility, a major issue at the trial, while avoiding any possible prejudice to defendant from the fact that the prior convictions were for crimes against property and thus similar to the charge for which he was on trial (*People v Wood,* 94 AD2d 814; *People v Hicks,* 88 AD2d 519). Defendant next contends that the Trial Judge's in-chambers questioning of and granting immunity to witness Trudy Jock in the absence of defendant violated his right to be present at every stage of the trial. The record establishes that the defense agreed to, and in fact sought, immunity for this witness in order to compel her testimony concerning her possible drug involvement and thereby to impeach the credibility of testimony on direct examination denying that she had given defendant any LSD. Since the only result of the *in camera* interview was the granting of immunity to compel that testimony, just as the defense desired, the error, if any, of not permitting defendant to be present at the interview was not prejudicial, and under the circumstances defense counsel's presence sufficiently protected defendant's rights (*People v Mullen,* 44 NY2d 1; *People v Crimmins,* 36 NY2d 230; *People v Leggett,* 55 AD2d 990, 991). We have examined defendant's other claims and find them to be without merit. Judgments affirmed. Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur; Main, J. P., not taking part.