■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. FERRARA, Appellant. — Appeal from a judgment of the County Court of Schenectady County (Stroebel, Jr., J.), rendered June 21, 1983, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant's conviction arose out of a fracas occurring on the sidewalk in front of a Schenectady bar in which he was identified as having struck the victim from behind with a hammer and then threatening the victim and an eyewitness with the same weapon. His first assignment of error relates to the trial court's *Sandoval* ruling. The court allowed the prosecution to cross-examine defendant regarding his convictions for possession of burglar's tools, possession of stolen property and unauthorized use of a motor vehicle. Convictions for criminal trespass and assault in the third degree were excluded. However, as to the latter convictions, the court applied the so-called "*Sandoval* compromise" (*People v Handly,* 96 AD2d 649) under which defendant could be asked if he had been convicted of two misdemeanors, without identifying the actual crimes involved. Contrary to defendant's assertion on appeal, there is no good reason not to allow both impeachment by cross-examination on certain specific crimes probative of credibility and also application of the *Sandoval* compromise as to other convictions. The rationale for the compromise is to permit the jury to hear evidence bearing on credibility while avoiding possible prejudice because the prior crimes of which the defendant was convicted are similar to the charge to be tried (*People v Handly, supra*). Clearly, such reasoning applied to defendant's prior assault conviction and,

although its application is more tenuous as to the criminal trespass conviction, the error, if any, was harmless under the circumstances.

A more difficult issue was presented with respect to the admission of the hammer into evidence. The foundation for its receipt consisted of the testimony of an eyewitness, who said that the exhibit "looked like" the hammer he had observed being used by defendant, and that of a bartender at the establishment that night, who said he got it from a coemployee. The latter did not testify, however, and it could be said that the People failed to establish the first link in the chain of evidence connecting the hammer with defendant (see *People v Walker,* 64 AD2d 540). However, the emergence of the hammer (appearing to be the same as that wielded by defendant) at the precise scene of the assault immediately after it occurred was, in our view, marginally sufficient to permit a jury inference that the hammer was found at the site of the crime and thus to connect it to the hammer of similar appearance involved in the assault (*People v Mirenda,* 23 NY2d 439, 453-454; *People v Dasch,* 79 AD2d 877, 878).

We have examined defendant's remaining arguments for reversal and find them also unpersuasive.

Judgment affirmed. Mahoney, P. J., Kane, Main, Mikoll and Levine, JJ., concur.