■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT RAWLINS, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 28, 1983, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the fourth degree.

A jury found defendant, who testified at trial, guilty of selling methadone to Francine Royals on the morning of September 3, 1982. Evidence at trial established that, earlier that morning, the police had fitted Royals, a police informant, with a concealed body wire which enabled police in a nearby surveillance van to monitor her conversations. An investigator with the police then drove Royals to a methadone center in the City of Albany where she, like defendant, periodically received treatment for heroin addiction. Outside the center, the informant joined defendant for a ride in his car. As the police in the van followed, they heard and observed defendant negotiate the sale for which he stands convicted. The investigator testified, without objection, that when Royals returned from defendant's car she declared, "I just bought some methadone from [defendant] for $25."

Over defendant's objection, the trial court admitted into evidence the tape recording of defendant's sale of the methadone to Royals. Police officers who manned the surveillance van recounted what they had heard and observed; their testimony corroborated the contents of the tape recording and the investigator's attestation.

Defendant's initial contention that the trial court's *Sandoval* ruling was erroneous is unpersuasive. For purposes of impeachment, the People were permitted to cross-examine defendant with respect to his convictions for petit larceny in 1971, criminal possession of stolen property and petit larceny on two separate occasions in 1973, and a 1978 felony, the nature of which was not identified to the jury. Inquiry into a drug-related conviction for disorderly conduct was deemed prejudicial and disallowed. From 1968 through 1979, defendant was arrested eight times for various drug and theft offenses; seven convictions resulted, including one felony and four misdemeanors. As the trial court correctly observed, this series of encounters with the criminal justice system revealed a continued willingness on defendant's part to place his own interests above those of society (see *People v Coleman,* 56 NY2d 269, 273). Furthermore, with respect to

drug-related offenses, the trial court curtailed the People's questioning so that only the fact of conviction was disclosed.

Equally unconvincing is defendant's assertion that because Royals was unavailable for cross-examination, introduction into evidence of her conversation with defendant, memorialized on tape, violated his Sixth Amendment right to confront the witnesses against him. This argument is unavailing for it disregards *People v Sanders* (56 NY2d 51), where in analogous circumstances no impairment of this constitutional right was found. There the steps governing admissibility of tape recordings were propounded: first, the recorded conversation must fall within an exception to the hearsay rule; and second, the attendant circumstances must satisfy the constitutional mandate of *Ohio v Roberts* (448 US 56, 63), which requires that the declarant be unavailable and that indicia of reliability confirm the credibility of the recording. Here, as to defendant, the recorded conversation Royals had with him and which was overheard by the police was not hearsay evidence but original evidence; any person hearing that conversation could testify to the words he heard spoken (Richardson, Evidence [10th ed], § 203, p 180). Furthermore, Royals was unavailable and the close aural and visual monitoring of her transaction with defendant by three officers in the surveillance van provided sufficient independent indicia of reliability.

Lastly, given defendant's criminal record and his disinclination to reform, the sentence imposed of 3½ to 10 years, which is well within the maximum authorized for a predicate felon (Penal Law, § 70.00), though severe, is not harsh and excessive.

Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.