■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED SCOTT, Appellant.—Appeal by the defendant from so much of a judgment of the County Court, Westchester County (Cowhey, J.), rendered February 28, 1984, as convicted him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposed sentence for those crimes.

Judgment affirmed insofar as appealed from.

On appeal, the defendant contends that the trial court's *Sandoval* ruling, permitting the prosecution to inquire into a 1977 conviction for attempted burglary, including the underlying facts, and as to whether he was convicted of felonies in California in 1971 and 1972, deprived him of the opportunity to testify, and denied him a fair trial. It is well established that the extent to which the prosecution should be allowed to use prior convictions to impeach the credibility of a defendant is a matter that is generally left to the sound discretion of the trial court *(see, People v Bennette,* 56 NY2d 142; *People v Sandoval,* 34 NY2d 371; *People v Rhodes,* 96 AD2d 565). Here, the defendant's 1977 conviction for attempted burglary and his 1971 conviction for receiving stolen property, upon which inquiry was limited to whether he had been convicted of a felony in California in 1971, were materially relevant to his credibility, and the trial court did not err in permitting inquiry into those convictions *(see, People v Sandoval, supra; People v Lee,* 55 AD2d 658). The fact that the defendant's conviction for receiving stolen property was over 12 years old, by itself, did not mandate preclusion of cross-examination with regard to the conviction *(see, People v Crandall,* 108 AD2d 413; *People v Rawlins,* 105 AD2d 552; *cf. People v Ellis,* 94 AD2d 652; *People v Pippin,* 67 AD2d 413). While the trial

court should not have permitted any inquiry into the defendant's 1972 conviction for involuntary manslaughter inasmuch as it seemed to involve an act of impulsive violence *(see, People v Sandoval, supra)*, any error was harmless in view of the fact that the other convictions were proper subjects of cross-examination, and there was overwhelming evidence of the defendant's guilt *(see, People v McKay,* 101 AD2d 960; *People v Hicks,* 88 AD2d 519). Moreover, any prejudice to the defendant by the court's allowing inquiry into the involuntary manslaughter conviction was lessened by the court's use of the *Sandoval* compromise, precluding questioning as to the actual crime involved *(see, People v Ferrara,* 105 AD2d 497; *People v Hicks, supra).*

We also note that in that portion of its charge as to reasonable doubt, the trial court improperly referred to wavering minds and even scales *(see, People v La Rosa,* 112 AD2d 954; *People v Harvey,* 111 AD2d 185; *People v Stevenson,* 104 AD2d 835; *People v Wade,* 99 AD2d 474). However, an examination of the entire charge indicates that the concept of reasonable doubt was fully and properly explained to the jury.

We have considered the defendant's other claims and find that they are without merit. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.