THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MELIDEO, Appellant.

Memorandum: On this appeal from a judgment of conviction, entered following a jury trial, of robbery in the first degree and assault in the first degree, defendant contends that: (1) the court erred in its Sandoval ruling that if defendant were to take the stand in his own behalf at trial, he

could be cross-examined about the fact that he had another indictment pending against him charging him with criminal possession of a forged instrument and grand larceny; (2) the prosecutor improperly showed that defendant had a motive to rob because he was poor; and (3) certain comments made by the prosecutor in his summation were inflammatory and deprived defendant of a fair trial.

The trial court's reliance on *People v Pavao* (59 NY2d 282) to permit the prosecutor to ask defendant on cross-examination whether he had an indictment pending against him was misplaced. *Pavao* has not changed the established rule that a defendant may not be asked if he has been indicted *(People v Rahming,* 26 NY2d 411, 419; *People v Morrison,* 194 NY 175, 178). However, should a defendant take the stand, he may be cross-examined concerning the facts underlying the pending indictment *(People v Edwards,* 80 AD2d 993, 994).

During the trial, the defendant was asked, "By the way, Mr. Melideo, you currently have a charge of Criminal Possession of a Forged Instrument in the Second Degree and Grand Larceny in the Third Degree filed on December 23rd, 1983, do you not?" This one isolated question asked in accordance with the erroneous *Sandoval* ruling does not require a reversal. The overwhelming evidence of defendant's guilt renders the improper *Sandoval* ruling harmless error *(see, People v Shields,* 46 NY2d 764; *People v Bostwick,* 92 AD2d 697; *People v Hicks,* 88 AD2d 519, 520; *see also, People v Ferrara,* 105 AD2d 497, 498).

We have reviewed defendant's other claims of error and find that they are either unpreserved or without merit. (Appeal from judgment of Monroe County Court, Celli, J.—robbery, first degree, and assault, first degree.) Present—Dillon, P. J., Callahan, Denman, Green and Lawton, JJ.