■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. MORTON, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 14, 1984, upon a verdict convicting defendant of the crime of robbery in the first degree.

Defendant drove the getaway car for two men who conducted an armed robbery of a doughnut shop in the Village of Menands, Albany County, in April 1984. The car, registered to defendant, was spotted the following morning by a City of Albany police officer. The officer spoke to defendant's mother and informed her that he wanted to question defendant regarding the robbery. Defendant, in the company of his father, voluntarily appeared at an Albany police station where he was given *Miranda* warnings with the exception of the caution that anything he said could be used against him. After approximately 45 minutes of questioning, defendant, with his father present throughout, signed a statement to the effect that his car had been borrowed by a friend, Louis E. Thomas, at the time of the robbery. Defendant was not arrested but was driven to the Menands police station where, after receiving *Miranda* warnings, he gave a statement similar to the first.

Defendant and Thomas were arrested several days later, following which defendant orally admitted to Albany police officers that he had driven the car as a participant in the robbery. However, thereafter, in still another written statement, he stated that he had no idea a robbery was to be committed until after it happened. Defendant also gave a similar statement to the Menands police. His motion to suppress the four written statements was denied. At his trial, defendant testified that he drove Thomas, with whom he was indicted, and Pedro Gomez, an unindicted coconspirator, to the scene of the robbery but had not known that either had a gun or that a robbery was planned. Defendant was convicted of robbery in the first degree and, being a predicate felon, was sentenced to 12½ to 25 years' imprisonment. Defendant appeals; we affirm.

The first assignment of error is that County Court should have suppressed defendant's written statements to the police because of the incomplete *Miranda* warnings given prior to

the initial questioning. County Court denied the suppression motion. because it found, following a hearing, that defendant was not in custody during the initial interrogation *(see, People v Yukl,* 25 NY2d 585, 588-589, *cert denied* 400 US 851; *see also, Miranda v Arizona,* 384 US 436, 477-478). Defendant, who was 20 years of age at the time, went voluntarily to the police station, accompanied by his father who remained with him throughout the questioning and the taking of the exculpatory statement. There is no indication defendant ever asked that the questioning cease. The fact that defendant was not placed in custody or arrested until three days later lends support to the conclusion that the police investigation was then only preliminary and not custodial in nature. Therefore, it was not error to admit defendant's initial and three subsequent written statements.

Defendant also objects to a remark made by the prosecution in summation that clearly violates the rule in *People v Carter* (40 NY2d 933, 934) prohibiting the prosecution from vouching for the credibility of its witnesses by asserting no "deal" was made. The prosecutor's explanation of why Gomez had not been tried was obviously an attempt to bolster the latter's credibility by indicating to the jury that no bargain had been struck for his testimony. But this transgression by the prosecution is of little consequence to defendant for Gomez did not testify as to any involvement by defendant in the crime.

Finally, defendant claims that he was prejudiced unfairly by County Court's *Sandoval* ruling. The court allowed the prosecution to cross-examine defendant as to the facts forming the basis of a previous conviction for attempted robbery, although forbidding use of the word "robbery". Typically in such situations a *"Sandoval* compromise" is employed which permits the fact of the defendant's conviction to be brought out but not the prejudicial underlying circumstances *(see, e.g., People v Hicks,* 88 AD2d 519). By tolerating questions about an essentially similar crime, County Court enabled the jury to imply a propensity on the part of defendant to forcibly steal another's property. However, the fact that the jury would have been made aware defendant had committed a felony had the court correctly ruled on defendant's *Sandoval* application and the overwhelming evidence of defendant's guilt render this error harmless. The direct evidence, such as the police officers' testimony as to defendant's clearly admissible oral admission that he knowingly participated in the planned robbery, and circumstantial evidence, such as defendant's acknowledged ownership and operation of the car at the scene of the crime,

are so compelling both in terms of sufficiency and weight that they nullify the argument that defendant was convicted because of a propensity to commit crime.

Defendant's remaining contentions have been examined and, to the extent that they are preserved for review, they merit no comment except to note that defendant was not deprived of a fair trial.

Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.