■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE LOTZ, Appellant.—Judgment unanimously affirmed. Memorandum: The court did not err in its *Sandoval* ruling by permitting the prosecutor to impeach defendant by asking him whether he was ever convicted of a felony without inquiry into the nature of the crime *(see, People v Hicks,* 88 AD2d 519; *see also, People v Lyons,* 115 AD2d 766; *People v Handly,* 96 AD2d 649). The court could have permitted the prosecutor to question defendant about his commission of prior burglaries. Questioning concerning other crimes is not automatically precluded simply because the crimes to be inquired about are similar to the crimes charged *(People v Pavao,* 59 NY2d 282, 292). Had trial counsel been concerned that the jury would speculate that the unnamed felony was more serious than the crime actually committed, he could, on redirect examination, have disclosed the nature of the crime.

We have reviewed the issues raised in defendant's *pro se* supplemental brief and we find them to be without merit. (Appeal from judgment of Erie County Court, D'Amico, J.— burglary, second degree, and another charge.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ.