■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OVID RISON, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered January 25, 1988, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant was charged with assault in the second degree as a result of an altercation with a correction officer who was attempting to remove him from his prison cell. Defendant interposed the defense of legal insanity but was found guilty of the charged crime after a jury trial.

Defendant now contends that his conviction should be reversed because of prosecutorial misconduct, which is posited on an isolated question put to the defense psychiatrist as to whether he had heard a tape recording of defendant's version

of the events. The solitary inquiry, neutral in content, followed cross-examination of the basis of the doctor's opinion as to defendant's sanity. The prosecutor posed a hypothetical question to the doctor as to statements made by defendant during the fight indicating that he intended to hurt the correction officer. The doctor opined that if the statements had in fact been made during the altercation, these might affect his opinion as to defendant's sanity. County Court disallowed further inquiry as to the tape recording, admonished the jury that the tape recording is not evidence and denied defendant's motion for a mistrial. The prosecutor's question, though inappropriate, was not of sufficient magnitude to prejudice defendant's case, nor was it violative of his privilege against self-incrimination. Once warned to desist, the prosecution complied (cf., *People v Rosenfeld*, 11 NY2d 290).

Defendant next contends that the proof at trial was insufficient to rebut his defense of legal insanity. We disagree. There is a presumption of sanity which a defendant must rebut and which alone can sustain the People's burden of proof of sanity when the defendant's proof is weak. A jury can reject an expert's testimony if it finds it unworthy of belief (*People v Schiavi*, 64 NY2d 704; *People v Silver*, 33 NY2d 475). Even though the People offered no expert, the prosecutor attempted to undermine the defense expert's opinion by impugning the factual assumptions on which it was based, the brevity of the examination, and evidence of its own witnesses which, if believed, contradicted defendant's defense of insanity. The jury obviously rejected the expert's testimony and the record supports its conclusion.

Finally, defendant contends that the evidence adduced failed to establish that he had the requisite intent to commit an assault. Defendant urges that the evidence indicated that he suffered from a mental defect bearing on his ability to form an intent. The record bears testimony offered by the People's witnesses which, if accepted, indicates that defendant acted intentionally and was rational. Based on this evidence the jury could find that defendant had the requisite intent.

Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.