■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS BRUZON, Also Known as CARLITO BRUZON, Appellant. —Judgment of the Supreme Court, New York County (Howard Bell, J.), rendered June 14, 1989, convicting defendant, after a jury trial, of three counts of attempted grand larceny in the second degree, three counts of attempted coercion in the first degree, and three counts of menacing, and sentencing him to three three to six year terms, three two to four year terms, and three six-month prison terms, all to run concurrently, unanimously affirmed.

The court's *Sandoval* "compromise" *(People v Hicks,* 88 AD2d 519) was not an abuse of discretion. Defendant had a significant criminal history, but had he opted to testify, the jury would have learned only that he had been convicted of a single crime. The proof that defendant possessed "white powder" and drug paraphernalia several months before he threatened the new landlord of his building was properly admitted into evidence on defendant's motive. *(People v Moore,* 42 NY2d 421, 428, *cert denied* 434 US 987; *People v Munger,* 24 NY2d 445, 449.) Nor did the prosecutor err by arguing on summation that the white powder received from defendant in May 1988 was cocaine. The argument was reasonably related to the evidence.

The trial court did not err by excluding extrinsic evidence of the complainant's credibility. The proffered testimony that the complainant had asked for "key" money from two other persons was collateral to the issues raised at trial. *(People v Cade,* 73 NY2d 904, 905.) We find no merit to defendant's claim that he was denied effective assistance of counsel. *(People v Baldi,* 54 NY2d 137; *People v Brown,* 45 NY2d 852.)

Defendant's remaining claims are unpreserved, and were we to reach them in the interest of justice, we would find them lacking in merit. Concur—Carro, J. P., Milonas, Wallach and Kupferman, JJ.