■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW REESE, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Queens County (Savarese, J.), rendered April 27, 1990, convicting him of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, under Indictment No. 13538/89, upon a jury verdict, and imposing sentence, and (2) as limited by his brief, from so much of an amended judgment of the same court (Rotker, J.), also rendered April 27, 1990, as revoked a previously imposed sentence of probation under Indictment No. 12539/88 upon a finding that he violated a condition thereof, upon his plea of guilty, and imposed a new sentence, upon his conviction of attempted criminal sale of a controlled substance in the third degree.

Ordered that the judgment and the amended judgment are affirmed.

The defendant contends that he is entitled to a new trial under Indictment No. 13538/89 because the trial court impermissibly ruled that the prosecutor could cross-examine him about the details underlying a prior drug-related felony conviction *(see, People v Sandoval,* 34 NY2d 371). He further contends that the adjudication of violation of probation under Indictment No. 12539/88 must also be reversed because it was premised solely on his more recent conviction.

While a *"Sandoval* compromise" could have been sensibly applied with respect to the defendant's prior drug-related felony conviction *(see, People v Hicks,* 88 AD2d 519; *see also, People v Padilla,* 123 AD2d 364; *cf., People v Mannery,* 151 AD2d 697), in light of the defendant's other involvement with the criminal justice system about which the People could properly have made inquiry, we are not persuaded that the ruling at issue unduly affected the defendant's decision not to testify in his own behalf *(cf., People v Bearthea,* 171 AD2d 751)

or that, in light of the quality and quantity of the evidence against the defendant, a more appropriate *Sandoval* ruling would have otherwise affected the result *(see, People v Hicks, supra)*.

In light of our determination that the judgment under Indictment No. 13538/89 should stand, the defendant's limited challenge under Indictment No. 12539/88 is without merit. Harwood, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.