■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO CASIANO, Appellant.—Order, Supreme Court, New York County (Peter J. McQuillan, J.), entered April 25, 1989, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of the same court, rendered May 18, 1983, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him as a second felony offender, to a prison term of 12 to 24 years, unanimously affirmed.

Defendant's sole contention on appeal is that the motion court, in denying his motion to vacate the judgment of conviction on the ground of ineffective assistance of counsel, mistakenly applied the standard articulated in *Strickland v Washington* (466 US 668), which requires that the defendant establish not only that counsel's representation was not reasonably competent, but also that, but for the alleged errors committed by counsel, there is a reasonable probability that the outcome of the proceeding would have been different, instead of the more liberal standard articulated in *People v Baldi* (54 NY2d 137), which requires the defendant to show only that under the circumstances of the case at the time of the representation, counsel did not provide meaningful representation. However, the decision of the motion court makes clear that counsel's conduct was considered under both standards and was found not to be ineffective under either standard. We agree. For the most part, defendant's claims misrepresent the record, which, when viewed as a whole, shows that counsel, faced with compelling evidence, formulated and executed an appropriate strategy at trial. The discord that existed between counsel and the codefendant's attorney does not constitute evidence of incompetent or unprofessional conduct. Concur—Murphy, P. J., Carro, Ellerin, Kassal and Rubin, JJ.