(May 12, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY PRISTELL, Appellant. [612 NYS2d 253] —Yesawich Jr., J. Appeal from a judgment of the County Court of Sullivan County (Lalor, J.), rendered November 15, 1991, upon a verdict convicting defendant of the crimes of murder in the second degree (four counts), arson in the first degree (two counts), arson in the second degree and reckless endangerment in the first degree.

An early morning fire on March 9, 1990 consumed bungalow 16, part of the staff quarters of the Concord Hotel in Sullivan County, killing two of the employees who resided there. Expert testimony presented at trial established that the fire had been started with an accelerant and had originated in two places—in defendant's room and in some mattresses that defendant had previously placed near the rear entrance to the building. After all of the other residents of the building were questioned, defendant, who had been overheard threatening to burn down the building and who had also been seen removing his personal belongings from his room prior to the fire, agreed to accompany a detective to the Sullivan County Sheriff's Department to answer questions about his activities during the evening and night of the fire. When defendant's account of his activities did not square with other information the interviewing detective had acquired, his suspicious were aroused, and at that point he advised defendant of his *Miranda* rights before questioning him further. After several hours of additional discussion and interrogation, defendant was arrested. In due course, he was indicted and convicted on four counts of murder in the second degree, two counts of arson in the first degree, one count of arson in the second degree and one count of reckless endangerment in the first degree. A second felony offender, defendant was sentenced to 25 years to life imprisonment on each of the murder convictions and given concurrent lesser sentences on the other convictions. Defendant appeals.

We reject defendant's contention that County Court erred in denying his motion to suppress his initial statement, made before he was informed of his *Miranda* rights. The suppression hearing evidence justifies County Court's finding that defendant was not in custody at that time; defendant had voluntarily accompanied the detective to the Sheriff's Department, he had not been placed in handcuffs or formally arrested, his freedom had not been restricted in any significant way and he had only been at the Sheriff's Department for

about an hour. Under these circumstances, County Court not injudiciously concluded that "a reasonable person, innocent of any crime, would have felt free to leave" *(People v Harris,* 48 NY2d 208, 215; *see, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851; *People v Finkle,* 192 AD2d 783, 786-787, *lv denied* 82 NY2d 753; *People v Travis,* 162 AD2d 807, 808-809).

Nor are we persuaded that County Court's instructions to the jury were inadequate and improper or that the prosecutor's summation deprived defendant of his right to a fair trial. Significantly, with the exception of a single objection registered during the prosecutor's summation, these matters were not preserved for review. Beyond that, given the considerable, albeit circumstantial, evidence of defendant's guilt, the prosecutor's comments were not sufficiently egregious to warrant reversal *(see, People v Williams,* 58 AD2d 943, 944, *affd* 46 NY2d 1070; *People v Leggett,* 55 AD2d 990, 991). While some of his remarks would have been better left unsaid, for the most part they were a reasonable response to the defense summation or fair comment on the evidence *(see, e.g., People v Goodman,* 190 AD2d 862, *lv denied* 81 NY2d 971; *People v Brown,* 187 AD2d 723, *lv denied* 81 NY2d 882).

Also to no avail is defendant's assertion that he was denied effective assistance of counsel. The record reflects zealous and competent representation, and the particular actions and omissions which defendant now considers to have been critical deficiencies—including defense counsel's failure to request certain jury instructions, or to challenge the voluntariness of defendant's statements (which actually supported his alibi), or the credibility of the officer to whom they were made—were consistent with the defense theory or represented tactical decisions, for which counsel cannot be faulted.

Mikoll, J. P., Mercure and Peters, JJ., concur. Ordered that the judgment is affirmed.