■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID PARKER, Appellant. [632 NYS2d 288] —Cardona, P. J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered January 13, 1994, upon a verdict convicting defendant of the crime of grand larceny in the third degree.

On November 2, 1992, Jeffrey Olesko and Khristy Olesko, residing in the Village of Voorheesville, Albany County, discovered that a substantial sum of money was missing from a hidden compartment in their bed frame. Following a police investigation, defendant, employed by a construction company hired by the Oleskos to perform certain improvements to their home, was arrested and indicted for the crime of grand larceny in the third degree. After a jury trial, defendant was convicted as charged and sentenced, as a predicate felon, to a prison term of $3^1/2$ to 7 years. Defendant appeals.

Initially, defendant contends that the trial evidence was legally insufficient to establish his guilt of grand larceny in the third degree. We disagree. The People produced evidence to show that the Oleskos had hidden money in a secret compartment in their bed frame which defendant and a co-worker accidentally discovered on October 30, 1992 when they moved the bed to paint behind it. Jeffrey Olesko testified that the money amounted to approximately $11,000 and Khristy Olesko testified that she had seen the money in the bed frame while cleaning on November 1, 1992. Both Oleskos testified that the money was missing on November 2, 1992. The People's proof also established that defendant was alone in the Oleskos' bedroom for several hours on the morning of November 2, 1992. Furthermore, defendant's brother-in-law testified that defendant told him that he had stolen the money from the Oleskos and that although the police believed the money to amount to $11,000 they were "$800 off". Viewed in a light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620, 621), this evidence establishes a valid line of reasoning which, when considered with the permissible inferences, is sufficient to lead a rational trier of fact to conclude (*see, People v Bleakley*, 69 NY2d 490, 495; *Cohen v Hallmark Cards*, 45 NY2d 493, 499) that defendant is guilty beyond a reasonable doubt of the crime of grand larceny in the third degree (*see, People v Johnson*, 213 AD2d 791, 793, *lv denied* 85 NY2d 975; *People v Stumbrice*, 194 AD2d 931, 934, *lv denied* 82 NY2d 727). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (*see, People v Bleakley, supra*, at 495).

We find merit in defendant's next claim that the prosecutor erred when she cross-examined a defense witness about an outstanding arrest warrant and requested County Court to instruct the witness to remain in the building at the close of her testimony. While a witness's credibility may be impeached through evidence of a prior conviction or of a specific immoral, vicious or criminal act, proof that an accusatory instrument has been filed against a witness has "absolutely no logical connection * * * [to] that witness' credibility" (*People v Cook*, 37 NY2d 591, 596). The prosecutor's inquiry along these lines was, therefore, impermissible. We note, however, that County Court instructed the jury to disregard this portion of the People's cross-examination. Accordingly, we do not find the error of sufficient magnitude so as to have deprived defendant of a fair trial (*cf., People v Rison*, 151 AD2d 879, 880).

Defendant also contends that certain comments made by the prosecutor in her summation deprived him of a fair trial. We note that defendant failed to preserve these matters for review by registering an objection (*see, People v Pristell*, 204 AD2d 801, 802, *lv denied* 83 NY2d 970). In any event, these statements, when viewed in the context of the entire summation, do not warrant reversal inasmuch as they constituted fair comment on the improbability of defendant's version of the events and were largely responsive to defense counsel's summation (*see, People v Wrigglesworth*, 204 AD2d 758, 759; *People v Pristell, supra*, at 802).

We find no merit to defendant's claim that he was denied effective assistance of counsel under the Federal and State Constitutions. For defendant to prevail on his Federal claim of ineffective assistance of counsel, the more stringent standard of the two (*see, People v Casiano*, 184 AD2d 206, *lv denied* 80 NY2d 927), it is necessary to establish not only that counsel was not reasonably competent, but also that there is a probability that the outcome would have been different were it not for errors allegedly committed by counsel (*see, Strickland v Washington*, 466 US 668, 687, 694; *People v Casiano, supra*). Viewed as a whole, the record does not support such a claim.

Defendant's claim that he was denied effective assistance of counsel under the State Constitution also lacks merit. Counsel's trial strategy was to raise reasonable doubt by showing that the Oleskos' money could have been stolen by someone other than defendant. The fact that this proved unsuccessful does not automatically render counsel's representation ineffective (*see, People v Banks*, 108 AD2d 1016, 1017). To the contrary, the record demonstrates that defendant's counsel provided

"meaningful representation" under our State Constitution (*see*, *People v Baldi*, 54 NY2d 137) by engaging in pretrial motion practice, repeatedly objecting during the People's cross-examination of various witnesses, aggressively cross-examining the People's witnesses and offering the direct testimony of witnesses in an attempt to undermine the credibility of Anthony Le Brecht, the People's main witness against defendant (*see, e.g.*, *People v Linderberry*, 215 AD2d 867, 870; *People v Beaudoin*, 198 AD2d 610, 612, *lv denied* 82 NY2d 922; *People v Garcia*, 194 AD2d 1011, 1013, *lv denied* 82 NY2d 895). Defendant was, therefore, provided with effective representation under both the Federal and State standards.

Defendant further contends that he was deprived of the effective assistance of counsel based upon his attorney's failure to secure his right to testify before the Grand Jury through service of a CPL 190.50 notice (*see*, CPL 190.50 [5] [a]). Where, as here, a claim of ineffective assistance of counsel is premised upon omissions of counsel allegedly occurring outside the trial record, additional facts supporting the claim should be developed through a postjudgment motion pursuant to CPL 440.10,* rather than a direct appeal (*see, e.g.*, *People v Love*, 57 NY2d 998, 999-1000; *People v Perez [Cocco]*, 198 AD2d 540, 542, *lv denied* 82 NY2d 923, 929; *People v Garcia*, 187 AD2d 868, *lv denied* 81 NY2d 885).

As a final matter, we consider defendant's claim that his sentence is unduly harsh and excessive. Defendant's sentence was within the permissible statutory range for a predicate felon convicted of grand larceny in the third degree (*see*, Penal Law § 70.06 [3] [d]; [4] [b]; § 155.35). In the absence of an abuse of discretion or extraordinary circumstances warranting modification, we decline to disturb defendant's sentence (*see*, *People v Palmer*, 193 AD2d 888; *People v Mackey*, 136 AD2d 780, *lv denied* 71 NY2d 899).

Mikoll, Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed.

---

* We note that defendant made a *pro se* CPL 440.10 motion claiming ineffective assistance of counsel which was denied by County Court without a hearing. However, in that application, defendant did not raise the issue of counsel's failure to secure his right to testify before the Grand Jury.