■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABIDALI HAJI, Appellant. [767 NYS2d 826]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered November 28, 2000, convicting him of conspiracy in the second degree (two counts), criminal sale of a controlled substance in the first degree, crimi-

nal possession of a controlled substance in the second degree, criminal use of drug paraphernalia in the second degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly issued an eavesdropping warrant and extensions of the warrant. The People's applications demonstrated that probable cause existed for the issuance of the warrant and extensions and that the warrant and extensions were necessary to obtain information about the extent of the defendant's narcotics distribution operations (*see* CPL 700.15; *People v St. Louis,* 177 AD2d 882, 884-885 [1991]). The People were not required to show that every other method of investigation had been exhausted prior to obtaining an eavesdropping warrant (*see People v Sica,* 163 AD2d 541 [1990]).

The defendant's contention that the Supreme Court improperly replaced a sworn juror with an alternate juror is without merit (*see People v Khan,* 2 AD3d 461 [2003] [decided herewith]).

The imposition of consecutive terms of imprisonment was a proper exercise of the court's discretion (*see People v Ortiz,* 256 AD2d 424 [1998]) and the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions raised in his supplemental pro se brief are without merit. Altman, J.P., Florio, Luciano and Rivera, JJ., concur.