■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHID KHAN, Appellant. [767 NYS2d 823]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered November 28, 2000, convicting him of conspiracy in the second degree (two counts), criminal sale of a controlled substance in the first degree, and criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in replacing a sworn juror who had been struck by a car and reported to the court's law secretary that she was medically unable to continue her jury service. Upon learning of the juror's accident, the court initially adjourned the case for a day. However, the next day, after another telephone conversation with the court's law secretary confirmed that the juror would be unable to serve, the court replaced her with an alternate juror without any objection from the defense counsel. Contrary to the defendant's contention, the court did not improperly delegate its obligation to make "a reasonably thorough inquiry" regarding the juror's unavailability (CPL 270.35 [2] [a]; see People v Jeanty, 94 NY2d 507 [2000]; People v Bruno, 295 AD2d 228 [2002]; People v Ortiz, 286 AD2d 781 [2001]).

The contention in the defendant's supplemental pro se brief that the court erroneously admitted a tape recorded conversation between him and a deceased confidential informant into evidence is without merit (cf. People v Ely, 68 NY2d 520, 527-528 [1986]; see People v Rawlins, 105 AD2d 552 [1984]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are unpreserved for appellate review or without merit. Altman, J.P., Florio, Luciano and Rivera, JJ., concur.