People v Lee (2018 NY Slip Op 06766)





People v Lee


2018 NY Slip Op 06766


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-04954
 (Ind. No. 15-00273)

[*1]The People of the State of New York, respondent,
v
Tyrone Lee, appellant.


Alex Smith, Middletown, NY (Douglas Jones of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York, NY (Priscilla Steward and Jodi A. Danzig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Nicholas De Rosa, J.), rendered April 6, 2016, convicting him of grand larceny in the second degree, identity theft in the first degree (13 counts), and scheme to defraud in the first degree, upon a jury verdict, and sentencing him, as a second felony offender, to consecutive indeterminate terms of imprisonment of 7½ to 15 years on the conviction of grand larceny in the second degree, 2 to 4 years on each conviction of identity theft in the first degree, and 1½ to 3 years on the conviction of scheme to defraud in the first degree, to run concurrently with sentences imposed on convictions under a Westchester County indictment, and $465,680 in restitution.
ORDERED that the judgment is modified, on the law, by providing that the sentences imposed on the convictions of grand larceny in the second degree and scheme to defraud in the first degree shall run concurrently with each other and concurrently with the consecutive sentences imposed on each conviction of identity theft in the first degree, all of which shall run concurrently with sentences imposed on convictions under a Westchester County indictment; as so modified, the judgment is affirmed.
The defendant was indicted on charges related to an alleged identity theft scheme by which his accomplice obtained personal customer information through her employment at Wachovia Bank, and the defendant used that information to effectuate fraudulent counter withdrawals from the bank. Following a jury trial, the defendant was convicted of grand larceny in the second degree, 13 counts of identity theft in the first degree, and scheme to defraud in the first degree, and sentenced to consecutive terms of imprisonment on each conviction.
We agree with the County Court's determination to deny the defendant's motion to dismiss the indictment on statutory double jeopardy grounds. The defendant's prior convictions in Westchester County were for acts that were not part of the same criminal transaction as the charges here, and, in any event, involved losses to different victims (see CPL 40.10[2]; 40.20[2][e]; People v Luongo, 47 NY2d 418, 430; People v Dallas, 46 AD3d 489, 490). Moreover, the current charges were not joinable with the crimes charged in the Westchester County indictment, as Westchester County did not have geographic jurisdiction over them (see CPL 40.40[2]; 200.20[2][a]; 20.40[4]; People v Lindsly, 99 AD2d 99, 102). The remaining convictions relied upon by the defendant [*2]occurred subsequent to his convictions here and, thus, could not support his double jeopardy motion.
We agree with the County Court's determination to admit certain evidence of the defendant's subsequent bad acts related to a similar scheme involving JPMorgan Chase Bank. The evidence was probative of the defendant's identity as a perpetrator of the Wachovia Bank scheme and his acting in concert with his accomplice (see People v Arafet, 13 NY3d 460, 466; People v Carter, 77 NY2d 95, 107; People v Whitley, 14 AD3d 403, 405). Moreover, the probative value of the evidence outweighed the risk of prejudice to the defendant, particularly considering the court's limiting instruction to the jury, which served to alleviate any prejudice resulting from the admission of the evidence (see People v Kims, 24 NY3d 422, 439). In addition, the prosecutor did not elicit evidence that exceeded the scope of the court's Molineux ruling (see People v Molineux, 168 NY 264; People v Williams, 160 AD3d 665).
Contrary to the defendant's contention, the prosecution established by a preponderance of the evidence that venue was proper in Orange County (see CPL 20.40[1]; People v Ribowsky, 77 NY2d 284, 291-292; People v Guzman, 153 AD3d 1273, 1274; People v Mattina, 106 AD2d 586). Furthermore, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's specific contentions regarding the County Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371, 374) are unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 494; People v Cutting, 150 AD3d 873, 875). In any event, while the court improvidently exercised its discretion in permitting the People to cross-examine the defendant, should he testify, on the fact that he had 38 prior felony convictions (see People v Bowles, 132 AD2d 465, 467; People v Myrick, 128 AD2d 732; People v Hicks, 88 AD2d 519, 520; cf. People v Williams, 49 AD3d 672, affd 12 NY3d 726), the error did not deprive the defendant of his right to a fair trial and was otherwise harmless, since there was overwhelming evidence of the defendant's guilt and no significant probability that a more appropriate Sandoval ruling would have affected the result (see People v Grant, 7 NY3d 421, 424-425; People v Crimmins, 36 NY2d 230, 241-242; People v Reese, 181 AD2d 699, 700).
As the People correctly concede, the sentences imposed on the defendant's convictions of grand larceny in the second degree and scheme to defraud in the first degree must be modified to run concurrently with each other and with the sentences imposed on his convictions of identity theft in the first degree (see Penal Law § 70.25[2]; People v Laureano, 87 NY2d 640, 643). However, the consecutive sentences imposed on the convictions of identity theft in the first degree were legally permissible (see People v Brown, 80 NY2d 361, 364). The sentence, as modified, and as reduced by operation of law pursuant to Penal Law § 70.30(1)(e), is not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
BALKIN, J.P., SGROI, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court