■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH JOHNSON, Appellant.—Judgment affirmed. All concur, Callahan, J., not participating. Memorandum: Defendant appeals from a judgment convicting him of one count each of robbery in the first degree and rape in the first degree, and two counts of sodomy in the first degree, arguing that the prosecutor improperly exercised his peremptory challenges during voir dire to exclude black jurors. We find that the prosecutor provided neutral explanations for the exercise of his peremptory challenges, and that defendant has failed to meet his burden of proving purposeful discrimination (see, Batson v Kentucky, 476 US 79; People v James, 138 AD2d 971).

Defendant further asserts that the court erred in excluding expert testimony of an experimental psychologist who was prepared to testify regarding the ways in which people recall events surrounding crimes and other similar occurrences. We disagree. The admissibility and bounds of expert testimony are within the sound discretion of the trial court (People v Cronin, 60 NY2d 430, 433), and it was well within the court's discretion to conclude that the offered testimony would infringe on the jury's function to determine the reliability of the People's evidence, and that the testimony, which concerned studies of volunteers who were victims of brief simulated crimes, which they knew were simulated, was irrelevant and without probative effect. We further reject defendant's contention that the verdict was against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). We have examined defendant's remaining arguments and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—robbery, first degree, and other charges.) Present—Dillon, P. J., Callahan, Pine, Lawton and Davis, JJ.

■ In the Matter of STARR L. B.—Order unanimously affirmed without costs. Memorandum: We affirm for reasons stated at Onondaga County Family Court (Buck, J.). We add only that the constitutional issue which respondent seeks to raise for the first time on appeal is not properly before us. Were we to reach that issue, however, we would find it to be without merit. (Appeal from order of Onondaga County Family Court, Buck, J.—terminate parental rights.) Present—Dillon, P. J., Callahan, Pine, Lawton and Davis, JJ.