■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN BAILEY, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the trial court erred in denying his request to charge petit larceny as a lesser included offense of robbery in the third degree because,

viewing the evidence in the light most favorable to defendant *(see, People v Martin,* 59 NY2d 704, 705), there is no reasonable view of the evidence that could support a finding that defendant committed the lesser offense but not the greater *(see, People v Glover,* 57 NY2d 61, 63). The victim testified that defendant "struck me down" as he grabbed her purse and "elbowed" her in the chest, causing her to fall on the sidewalk and injure her elbow. Additionally, she testified that the shoulder strap of her purse broke in the course of the incident. Consequently, contrary to defendant's contention, there was no reasonable view of the evidence which could have supported a finding that defendant committed petit larceny *(see,* Penal Law § 155.25), which does not contain the element of a forcible taking, but not robbery in the third degree *(see,* Penal Law § 160.05; *People v Santiago,* 48 NY2d 1023; *People v Johnson,* 45 NY2d 546).

We reject defendant's assertion that the trial court erred in denying his *Batson (see, Batson v Kentucky,* 476 US 79) motion. We find that defendant established a prima facie case of "purposeful discrimination" when the prosecutor exercised a peremptory challenge to exclude the sole black venireperson *(Batson v Kentucky, supra,* at 96; *see also, People v Scott,* 70 NY2d 420). In our view, however, the prosecutor tendered a race-neutral reason for his use of this peremptory challenge *(see, People v Johnson,* 138 AD2d 952, *lv denied* 72 NY2d 862).

If there was any error in the court's *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371) the overwhelming evidence of defendant's guilt rendered the error harmless *(see, People v Crimmins,* 36 NY2d 230; *People v Melideo,* 124 AD2d 1045, 1046, *lv denied* 69 NY2d 748).

We further conclude that the verdict is not against the weight of the evidence. We have examined all of the evidence as required by *People v Bleakley* (69 NY2d 490, 495) and we are persuaded that the jury gave the evidence the weight it should be accorded.

Finally, we conclude that, on this record, the trial court properly exercised its discretion when it declined to grant defendant youthful offender status *(see,* CPL 720.20; *People v Williams,* 78 AD2d 642). (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—robbery, third degree.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.