■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL RIVERA, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered on December 16, 1988, after a jury trial, convicting defendant of robbery in the third degree (Penal Law § 160.05) and grand larceny in the fourth degree (Penal Law § 155.30 [5]) and which sentenced him as a predicate felon to concurrent terms of 3 to 6 years and 2 to 4 years, respectively, unanimously affirmed.

In this subway platform theft of four chains from the female victim's neck, defendant forcibly and repeatedly yanked the chains until they were ripped from her neck, exerting sufficient force to break their safety clasps, and hit her in the chest in the process. Defendant then tried to escape by running down the tracks, but he was trapped by police officers closing in on him from both ends of the subway tunnel. After his arrest, defendant made inculpatory statements. Testimony revealed that defendant may have been drinking and had been acting strangely when complainant first saw him, and that each time she would move away from him, he would move closer to her.

Initially, we conclude that the element of forcible stealing underlying a robbery charge (Penal Law § 160.00) was satisfied here by the evidence, raising defendant's culpability above that of a larceny. We are not persuaded that defendant engaged in a nonphysical, unobtrusive, snatching *(cf., People v Chessman,* 75 AD2d 187, 194).

It was not error for the court to fail to provide an intoxication charge. We are not persuaded that the evidence was sufficient to give rise to a reasonable doubt whether defendant was so intoxicated as to be unable to form the specific intent of robbing the victim *(see,* Penal Law § 15.25; *People v Perry,* 61 NY2d 849). Defendant's conduct in stalking the victim, during escape, and after arrest, does not evince incapacitating intoxication for the purposes of the charge.

Defendant's challenge to the court's no adverse inference charge as being overextensive is unpreserved as a matter of law by appropriate objection (CPL 470.05 [2]); *People v Autry,* 75 NY2d 836), and we decline to reach the issue in the interest of justice. If, however, we were to do so, we would be guided by our conclusions in *People v Diggs* (151 AD2d 359).

We have examined defendant's remaining contentions, and find them to be without merit. Concur—Murphy, P. J., Asch, Kassal and Rubin, JJ.