OPINION OF THE COURT
Harold Fertig, J.
On July 29, 1991, in this court, defendant was found guilty, by a jury, of robbery in the third degree, two counts of grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree. Defendant now moves, pursuant to CPL 330.30 (1), to set aside the verdict insofar as defendant was found guilty of the crime of robbery in the third degree. The court finds that the specific facts of this case are novel to the State of New York, although not in other jurisdictions.
Both the People and defendant agree that the pivotal evidence in this case was the testimony of the complainant, *508 Marian Corello. She testified that she was walking on a street, holding her handbag in her right hand with the shoulder strap wrapped around her fingers. Suddenly, she felt a tug or a jerk on her hand, as if something was being pulled out of her hand. She jumped, raised and opened her hand, and realized that someone had taken her handbag. However, at no time prior to that had she seen or heard the perpetrator of this incident. Mrs. Corello was not pushed to the ground or injured. Shortly after this incident, defendant was apprehended, and the purse was recovered. One end of the shoulder strap of the handbag was broken.
Defendant’s basic contention is that the guilty verdict on the charge of robbery in the third degree should be set aside because the evidence was legally insufficient to prove that defendant "forcibly” stole property (Penal Law § 160.05). In this connection, Penal Law § 160.00 defines the term "robbery” as follows:
"Robbery is forcible stealing. A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of:
"1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
"2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.”
Defendant asks this court to find that his conduct in this case did not constitute physical force under the statute — he merely snatched a handbag from the complainant’s hand, and the property was taken from the owner so suddenly and so swiftly, that she had no opportunity to resist. He places strong reliance on People v Davis (71 AD2d 607 [2d Dept]), in which the defendant snatched a purse and a shopping bag from the victim, but could not be convicted of robbery because the victim was not injured, in danger of injury, did not resist, and did not see the defendant approach her prior to the incident.
The People reply that the issue of whether a forcible taking of property occurred is a question fact for the jury, not a question of law for the court, citing People v Dekle (83 AD2d 522 [1st Dept], affd 56 NY2d 835). Furthermore, they contend that there was indeed a forcible taking of property here because the complainant had the strap of her purse wrapped *509 around her hand and the defendant’s exertion in the taking of the handbag caused the strap of the bag to break.
Initially, the court holds that the issue to be determined here is one of law for the court, not one of fact. CPL 330.30 (1) authorizes this court to set aside or modify the verdict on any ground appearing in the record which would require a reversal or modification as a matter of law in an appellate court if raised there. One such ground is that the trial evidence is legally insufficient to establish the defendant’s guilt of an offense of which he has been convicted (CPL 470.15 [2] [a]). The case relied upon by the People only leaves that question as a factual one for the jury "depending on the circumstances” (People v Dekle, 83 AD2d 522, supra). In that case, there was no dispute whether force was used, as defendant threatened the use of a knife. The issue was whether force was threatened prior to or after the completion of the larceny (People v Dekle, supra, at 523 [Sandier, J., dissenting]). The circumstances in that case presented a wholly different factual issue which a jury ought to have determined, not a question of law, which is what is squarely presented in this case.
Having determined that, the issue remains whether defendant’s actions constituted force within the meaning of the robbery statute. New York courts have generally followed the majority rule in most jurisdictions which have dealt with these types of cases, that "a snatching unaccompanied by any resistance is not sufficient to constitute a robbery” (People v Santiago, 62 AD2d 572, 575 [2d Dept], affd 48 NY2d 1023), and have declined to follow the minority view, led by the Kentucky courts, that "a snatching of property from the victim is sufficient to constitute a robbery regardless of the victim’s resistance or lack thereof’ (People v Santiago, supra, at 578, citing Jones v Commonwealth, 112 Ky 689, 66 SW 633). Nevertheless, various State courts have determined that the force applied in the taking of a purse while looped over the victim’s arm, shoulder or hand was sufficient to constitute a robbery (see, e.g., Commonwealth v Brown, 2 Mass App 883, 318 NE2d 486; Commonwealth v Jones, 362 Mass 83, 283 NE2d 840; State v Scoby, 719 SW2d 916 [Mo App]; but see, State v Sein, 124 NJ 209, 590 A2d 665; People v Gary, 80 Ill App 3d 817, 400 NE2d 473). Similarly, and more precisely, State courts have determined that where a purse was snatched with a great degree of force or where the strap or handle broke, the taking was accomplished with sufficient physical force to constitute a robbery (see, People v Roberts, 57 *510 Cal App 3d 782, 129 Cal Rptr 529, overruled on other grounds in People v Rollo, 20 Cal 3d 109, 569 P2d 771; Raiford v State, 52 Md App 163, 447 A2d 496, affd in part and revd in part on other grounds 296 Md 289, 462 A2d 1192 [handbag "ripped” from the complainant]; Annotation, Purse Snatching as Robbery or Theft, 42 ALR3d 1381-1391).
Several New York cases, while not directly on point, are instructive on what constitutes physical force under the robbery statute. In People v Rivera (160 AD2d 419), the Appellate Division, First Department, determined that a defendant who ripped gold chains from the complainant’s neck with sufficient force to break their safety clasps, hitting her in the chest in the process, forcibly stole the chains. The court concluded that the defendant did not engage "in a nonphysical, unobtrusive, snatching” (People v Rivera, supra). Here, there was sufficient evidence for the jury to find that defendant essentially broke the strap of the complainant’s handbag, and, as in Rivera, did not engage in a nonphysical snatching.
Similarly, where a defendant "wrenched” a plastic bag containing cash which was wrapped around the complainant’s fingers, causing great pain to the victim, the Fourth Department found that physical force was used to overcome resistance to the taking of the property (see, People v Crandall, 135 AD2d 1084, 1085). In the case at issue here, the jury based upon the evidence presented, could have justifiably found that the force employed was of such magnitude as to break the strap of the handbag even though neither Mrs. Corello’s hand or fingers were injured. Moreover, in People v Cherry (49 AD2d 860 [1st Dept]), where one defendant grabbed and lifted a decoy police officer off a park bench while another defendant ripped the button off his pocket in the course of removing his wallet, the court found that the trial court properly submitted a robbery count to the jury. In the case at bar, the evidence supports a finding that defendant essentially tore the strap of the handbag when he removed it from the complainant’s hand. In contrast, a complainant who was merely bumped from behind while money was removed from his pocket was the victim of a larceny, not the victim of physical force or a robbery (see, People v Karp, 158 AD2d 378, 391 [1st Dept] [Sullivan, J., dissenting], revd on other grounds 76 NY2d 1006).
Thus, in this case, the court finds that there was sufficient evidence presented for the jury to conclude that defendant committed a robbery, in that he employed a degree of physical exertion in removing the complainant’s handbag from her *511 hand such that one end of the strap of the handbag was broken when it was recovered shortly after the incident occurred. This level of physical activity effectively prevented the complainant from resisting to the taking of the property and compelléd her to deliver up the property to him, and thus constituted a forcible stealing as defined in the robbery statute. The finding is supported by both the out-of-State cases previously directly addressed to the issue of purse snatching, and the related New York cases involving the use of physical force in various contexts.
The cases relied on by defendant are inapposite. While the complainant here was not injured, in danger of injury, did not actively resist the snatching nor saw defendant approach her, as in People v Davis (71 AD2d 607, supra), the list of factors required for a finding of forcible stealing as a matter of law in that case should not be viewed as exhaustive. It should be plain that the application of force to the degree that the strap of a handbag is broken is sufficient to prevent resistance to the taking and to compel the owner of the bag to deliver it up to the perpetrator. Defendant’s further reliance on People v Flynn (123 Misc 2d 1021, 1023 [Sup Ct, NY County]) is wholly misplaced as the court there defined physical force as "power or strength of violence exerted against a body”, which is precisely what occurred in this case.
Accordingly, the evidence presented in this case was legally sufficient for the jury to find defendant guilty of the crime of robbery in the third degree. Defendant’s motion to set aside the verdict to the extent that he was found guilty of the crime of robbery in the third degree is denied.