■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH MIDDLETON, Appellant. [623 NYS2d 298] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J., at trial; Koch, J., at sentence), rendered January 14, 1992, convicting him of robbery in the third degree, grand larceny in the fourth degree (two counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, count one of the indictment charging the defendant with robbery in the third degree is dismissed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the remaining counts of the indictment.

The defendant's conviction for robbery in the third degree arises out of a "pocketbook snatching" which occurred on the morning of November 2, 1990. The evidence adduced by the prosecution indicated that the complainant was carrying her shoulder strap bag in her hand with the "strap twisted around [her] hand". Suddenly, the thief ran up to her and gave her hand "sort of * * * a jerk". She opened up her hand and the bag was gone.

Penal Law § 160.00 defines the crime of robbery as follows:

"§ 160.00 Robbery; defined.

"Robbery is forcibly stealing. A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of:

"1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or

"2. Compelling the owner of such property or another

person to deliver up the property or to engage in other conduct which aids in the commission of the larceny".

It has long been held in New York, as well as in the majority of jurisdictions, that a purse snatching "unaccompanied by any resistance is not sufficient to constitute a robbery" *(People v Santiago,* 62 AD2d 572, 575, *affd* 48 NY2d 1023; *see also, People v Davis,* 71 AD2d 607). There was no evidence adduced at trial by the prosecution concerning any aggravating factors, i.e., the complainant was not intimidated, knocked down, struck, or injured, which would elevate the purse snatching to a robbery *(see, e.g., People v Jones,* 162 AD2d 204; *People v Bailey,* 155 AD2d 982; *People v Rivera,* 160 AD2d 419; *People v Crandall,* 135 AD2d 1084). Although the complainant's bag had a broken strap when it was ultimately discovered, that fact alone is of no avail to the People since there was no evidence adduced that the strap was broken during the actual snatching *(cf., People v Bailey, supra).* Accordingly, since the prosecution failed to prove the element of force, the defendant's conviction of robbery in the third degree must be reversed and that count of the indictment dismissed.

We are also of the view that the defendant is entitled to a new trial on the remaining counts of the indictment.

The complainant testified that immediately after the snatching she saw a "young man" running down the street. The complainant's cousin, who was with her at the time, testified that the man was wearing a "gray sweatshirt". Neither the complainant nor her cousin saw the thief's face. The complainant's cousin testified that the young man who fled from the scene got into the passenger side of a car waiting a short distance away, and the driver of the car "kept going as soon as [the man] got into the car".

A police officer who was parked several hundred yards away from the scene of the crime was alerted to the incident by a postal worker who pointed to a silver 1985 Oldsmobile parked about 20 to 30 yards away. The officer testified that he then saw someone wearing "all blue", whom he identified as the defendant, get into the passenger side of the car. The police gave chase, and shortly thereafter, the two occupants of the silver car "exit[ed] the vehicle". The defendant was subsequently apprehended after a short foot chase, and the complainant's pocketbook was found in the car.

The police officer also testified that there was "someone else arrested in connection with this incident", a man named Murphy, who was eventually released. The police officer testi-

fied that he observed Murphy "wearing a gray sweatshirt". The defense counsel also established, on cross-examination of the police officer, that a sergeant brought Murphy to the police officer in handcuffs, and that when Murphy was put in the patrol car, the sergeant spoke to the police officer about Murphy and, at the same time, handed him a gray sweatshirt in a brown bag, which the police officer vouchered. The bag and the sweatshirt were admitted into evidence.

In view of this testimony connecting Murphy with a gray sweatshirt, defense counsel sought to argue, in his summation to the jury, that the man who snatched the pocketbook was not the defendant, but rather was Murphy. However, when defense counsel argued to the jury that the police had released Murphy without the complainant or her cousin ever having viewed him or the gray sweatshirt, the court instructed the jury as follows:

"THE COURT: Mr. Murphy is not part of this trial. He has nothing to do with this case. You are not to make your determination based on anything that has to do with Mr. Murphy * * *

"THE COURT: I'm telling you that Mr. Murphy has nothing to do with this case. Mr. Murphy is not a part of this trial. He's not been charged here. He's not on trial."

In so ruling, the court committed reversible error. As the Court stated in *People v Luis* (189 AD2d 657, 660): "Closing argument is a basic element of the defense *(Herring v New York,* 422 US 853; *People v Brown,* 136 AD2d 1, 16, *lv denied* 72 NY2d 857, *cert denied* 488 US 897). The right to make an effective closing argument is impaired when counsel is unjustifiably limited while making appropriate comments on matters of evidence adduced at the trial *(People v Brown, supra; People v Reina,* 94 AD2d 727)".

Accordingly, the defendant is granted a new trial as heretofore indicated. Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur. *[See,* 152 Misc 2d 507.]