PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

GREGORY YOUNG BOWLES, a/k/a
New York,
            *Defendant-Appellant.*

No. 09-4219

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Margaret B. Seymour, District Judge.
(1:04-cr-00170-MBS-1)

Argued: March 24, 2010

Decided: April 23, 2010

Before SHEDD and AGEE, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by published opinion. Judge Shedd wrote the opinion, in which Judge Agee and Senior Judge Hamilton joined.

## COUNSEL

**ARGUED**: Katherine E. Evatt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. James Chris Leventis, Jr., OFFICE OF THE UNITED

STATES ATTORNEY, Columbia, South Carolina, for Appellee. **ON BRIEF:** W. Walter Wilkins, United States Attorney, Columbia, South Carolina, for Appellee.

---

## OPINION

SHEDD, Circuit Judge:

Gregory Bowles pled guilty to being a felon in possession of a firearm and the district court sentenced him to 188 months imprisonment. Bowles now appeals his conviction arguing the court erred by ordering him to be forcibly medicated to render him competent to stand trial. Because we find that Bowles has waived his right to challenge the forcible medication order, we dismiss the appeal.

### I.

The government indicted Bowles on several drugs and weapons charges, including being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). After his initial court appearance, the district court granted Bowles' unopposed motion to have a psychiatric evaluation conducted. Thereafter, he was diagnosed with a "persecutory type" of delusional disorder and antisocial personality disorder. Consequently, the district court found him incompetent to stand trial and committed him for treatment. Over the course of approximately four years, the district court held several hearings regarding Bowles' competency and the proper psychiatric treatment methods needed for Bowles. Eventually, the court granted the government's motion and ordered Bowles to be forcibly medicated to render him competent to stand trial. Bowles did not seek an interlocutory appeal of the forcible medication order.

Thereafter, Bowles was rendered competent and pled guilty pursuant to a written plea agreement to one count of being a

felon in possession of a firearm. The district court conducted a Rule 11 colloquy and in accepting his plea found that he was "fully competent and capable of entering an informed plea [and] that his plea of guilty is a knowing and voluntary plea." J.A. 235. The court imposed a sentence of 188 months imprisonment. Bowles now seeks to appeal the forcible medication order and have his conviction vacated.

II.

A plea of guilty "represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Accordingly, we have held that "[w]hen a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." *United States v. Bundy*, 392 F.3d 641, 644 (4th Cir. 2004). Indeed, relying on these principles, we recently held in *United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010) (internal quotation marks and citations omitted), that a "defendant who has pled guilty has no nonjurisdictional ground upon which to attack that judgment except the inadequacy of the plea, or the government's power to bring any indictment at all."

Here, Bowles seeks to reopen his judgment of conviction upon his guilty plea on a nonjurisdictional issue – the forcible medication order. However, as the foregoing authorities make clear, such a course of action is not permitted. We note that Bowles could have preserved this issue through an interlocutory appeal. *See e.g.*, *Sell v. United States*, 539 U.S. 166, 176 (2003) (finding review of the district court's forcible medication order is proper as an interlocutory appeal under the "collateral order" doctrine because it "(1) conclusively determine[s] the disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) *is effectively unreviewable on appeal from a final judgment*") (internal quotation marks and citations omitted) (emphasis added); *see also United States v. Bush*, 585 F.3d

806, 812 (4th Cir. 2009); *United States v. Evans*, 404 F.3d 227, 235 (4th Cir. 2005). Further, Bowles could have attempted to negotiate a conditional plea, *see* Fed. R. Crim. Proc. 11(a)(2), or he could have proceeded to trial, which would also have preserved this issue for our review. Because Bowles did not take these necessary steps, he has waived his right to appeal the forcible medication order.\* Accordingly, we dismiss his appeal.

### III.

For the foregoing reasons, we find Bowles' argument waived and dismiss the appeal.

*DISMISSED*

---

\*We ordered supplemental briefing on the waiver issue. In his supplemental brief and at oral argument, Bowles argued for the first time that his guilty plea was not voluntary or competent. We find this argument is waived. *See United States v. Jones*, 308 F.3d 425, 427 n.1 (4th Cir. 2002) (holding that an argument not raised in the opening brief is waived). In any event, we find these arguments are not supported by the record.