**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4884**

———————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

SEDIEKA MCCLAM,

             Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:12-cr-00058-RBH-1)

———————————

Submitted:  May 7, 2013              Decided:  June 11, 2013

———————————

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

———————————

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

———————————

James P. Rogers, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  Alfred William Walker Bethea,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sedeika McClam was sentenced to 262 months' imprisonment after pleading guilty, pursuant to a plea agreement, to possession with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), (b)(1)(D) (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the McClam's guilty plea was invalid and whether his sentence was unreasonable. The Government moved to dismiss McClam's appeal, asserting that he waived the right to appeal his conviction and sentence in the plea agreement. We dismiss in part and affirm in part.

I.

Rule 11 requires that the trial court, prior to accepting a guilty plea, conduct a plea colloquy in which it informs the defendant of the charges to which he is pleading and determines that he comprehends the nature of those charges, any mandatory minimum penalty, the maximum possible penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The district court must also ensure that the defendant's

2

plea is voluntary, and that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(2), (3). In reviewing compliance with Rule 11, this court accords deference to the trial court's decision as to how to best conduct the mandated colloquy with the defendant. DeFusco, 949 F.2d at 116.

Because McClam did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, we review the colloquy for plain error. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error, (2) the error was plain, and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732-34 (1992). To establish that a Rule 11 error has occurred, the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

Upon review of the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that the district court complied with Rule 11's requirements. The court ensured that McClam's guilty plea was knowing and voluntary and supported by a factual basis, and that McClam understood the rights he was giving up by pleading guilty and the sentence he faced.

II.

We review de novo whether a defendant has effectively waived the right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). An appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citation omitted).

To determine whether a waiver is knowing and intelligent, this court examines the totality of the circumstances, including the defendant's experience, conduct, educational background, and familiarity with the plea agreement's terms. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). Generally, if a court fully questions a defendant regarding the appellate waiver during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, we will refuse to enforce an otherwise valid waiver if enforcement would result in a miscarriage of justice. Id.

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that McClam knowingly and intelligently agreed to the waiver of appellate

4

rights as set forth in the plea agreement. During the Rule 11 hearing the court reviewed the terms of the plea agreement, including the waiver provision, with McClam, and McClam affirmed that he understood those terms. Moreover, McClam does not contest the validity of the waiver in his Anders brief or in his response to the Government's motion to dismiss the appeal.

We further conclude that McClam's challenge to the reasonableness of his sentence falls squarely within the scope of the waiver provision. McClam expressly agreed to waive the right to contest his sentence in any direct appeal. We therefore grant the Government's motion to dismiss McClam's appeal of his sentence.

## III.

Counsel for McClam has also filed a letter pursuant to Fed. R. App. P. 28(j), citing the Supreme Court's recent decision in Florida v. Jardines, 133 S. Ct. 1409 (2013) (use of drug-sniffing dog on defendant's front porch was search within meaning of Fourth Amendment). Before pleading guilty, McClam filed a motion to suppress, and counsel now contends that had Florida v. Jardines then been decided, McClam would not have withdrawn his motion. However, McClam has waived the Fourth Amendment claim by knowingly and voluntarily pleading guilty. United States v. Bowles, 602 F.3d 581, 582-83 (4th Cir. 2010) (guilty plea constitutes waiver of all antecedent

5

nonjurisdictional defects). Because the district court properly conducted the Rule 11 colloquy, and because McClam did not attempt to preserve the issue for review by entering a conditional guilty plea, McClam has relinquished the right to raise this issue on appeal. Id. That Jardines had not yet been decided when he withdrew the motion provides no excuse for McClam's failure to preserve the issue for appellate review. See Brady v. United States, 397 U.S. 742, 757 (1970) ("[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.").

IV.

In accordance with Anders, we have reviewed the entire record and have found no unwaived meritorious issues for appeal. We therefore affirm McClam's conviction.

This court requires that counsel inform McClam, in writing, of his right to petition the Supreme Court of the United States for further review. If McClam requests that a petition be filed, but counsel believes such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McClam. We dispense with oral argument because the facts and legal contentions are adequately presented

6

in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART