**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4483**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JEFFREY BERNARD JOYNER,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Dever III, Chief District Judge. (4:11-cr-00078-D-1)

Submitted: May 31, 2013        Decided: June 27, 2013

Before AGEE, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

W. H. Paramore, III, W. H. PARAMORE, III, P.C., Jacksonville, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to his written plea agreement, Jeffrey Bernard Joyner pled guilty to possession with intent to distribute twenty-eight grams or more of crack cocaine and an unspecified quantity of powder cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). Joyner was subsequently sentenced to 126 months' imprisonment. This appeal followed.

Counsel for Joyner has filed his brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring that there are no nonfrivolous issues for appeal, but questioning the substantive reasonableness of the 126-month departure sentence. In his pro se supplemental brief, Joyner challenges the validity of both the superseding indictment and his guilty plea. For the following reasons, we affirm the judgment.

I.

We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir.), cert. denied, 133 S. Ct. 216 (2012); see Gall v. United States, 552 U.S. 38, 46, 51 (2007). When the district court imposes a departure or variance sentence, this court considers "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the

2

extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). The district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "'set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis'" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir.) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alteration omitted), cert. denied, 131 S. Ct. 2946 (2011).

In reviewing the substantive reasonableness of a sentence, this court assesses "whether the District Judge abused his discretion in determining that the [18 U.S.C.] § 3553(a) [(2006)] factors supported [the sentence] and justified a substantial deviation from the Guidelines range." Gall, 552 U.S. at 56. We must "take into account the totality of the circumstances, including the extent of [the] variance from the Guidelines range." Id. at 51. A more significant "departure should be supported by a more significant justification." Id. at 50.

Although counsel only challenges the substantive reasonableness of Joyner's sentence, because this is an Anders appeal, we have also reviewed the procedural reasonableness of the sentence and have discerned no procedural infirmity. The

3

district court properly calculated Joyner's advisory Guidelines range and cited Joyner's extensive history of undeterred violent criminality and chronic recidivism to justify its upward departure pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3, p.s. (2011). United States v. Dalton, 477 F.3d 195, 198 (4th Cir. 2007). The 126-month sentence was twenty-one months longer than the top of Joyner's pre-departure Guidelines range. In light of the court's reasons for the upward departure, we readily conclude that the extent of this departure is reasonable. See United States v. Blakeney, 499 F. App'x 238, 243 (4th Cir. 2012) (unpublished after argument) (concluding that the district court's "explanations for the sentence it imposed" after upwardly departing under § 4A1.3 "were sufficient to justify the extent of the departure"). Finally, the sentence is procedurally sound in that the court permitted the parties to argue in favor of a particular sentence, allowed Joyner to allocute, considered those arguments, and individually assessed this defendant in light of the relevant sentencing factors.

Counsel contends that the sentence is substantively unreasonable because the district court failed to account for Joyner's "meaningful and important" assistance to the police. (Anders Br. at 10). The transcript of the sentencing hearing, however, belies this contention. The transcript reveals that, although the Government did not deem Joyner's cooperation

4

significant enough to warrant a USSG § 5K1.1 motion, the court nonetheless credited that effort in selecting its sentence. We therefore reject Joyner's challenge to the substantive reasonableness of the sentence.

To fulfill our Anders duty, we have evaluated the entirety of the record and found no nonfrivolous basis on which to otherwise contest the substantive reasonableness of Joyner's sentence. Given the totality of circumstances present in this case, we readily defer "to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51. Accordingly, we affirm Joyner's sentence.

## II.

Joyner, in his pro se supplemental brief, challenges the validity of the superseding indictment and argues his guilty plea was not knowingly entered. But a counseled guilty plea waives all antecedent, nonjurisdictional defects not logically inconsistent with the establishment of guilt, United States v. Bowles, 602 F.3d 581, 582 (4th Cir. 2010), unless the defendant can show that his plea was not voluntary and intelligent because the advice of counsel "was not within the range of competence demanded of attorneys in criminal cases." Tollett v. Henderson, 411 U.S. 258, 266 (1973) (internal quotation marks omitted). Here, Joyner entered a counseled guilty plea and has not alleged

that his plea was rendered involuntary by counsel's ineffective assistance. Moreover, the alleged defect in the indictment is not jurisdictional. See United States v. Cotton, 535 U.S. 625, 631 (2002). We therefore reject this claim.

Joyner next argues that his guilty plea was not knowingly and intelligently entered because the district court did not explain that the threshold drug quantity, an element of the aggravated offense, was satisfied by aggregating drug quantities from several instances and/or controlled transactions. Joyner maintains that he should have been charged under 21 U.S.C. § 841(b)(1)(C) (2006), which has no mandatory minimum sentence and a twenty-year statutory maximum sentence. Joyner concedes that, because he did not raise this issue in the district court, this court's review is for plain error only. To establish plain error, Joyner must show that an error occurred, that the error was plain, and that the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732, 734 (1993).

We have not found any Fourth Circuit or Supreme Court authority that addresses whether the district court's failure to apprise Joyner of the aggregation necessary to achieve the threshold drug quantity is error such that it would undermine his guilty plea. Thus, any potential error by the district court cannot be considered "plain." United States v. Beasley,

6

495 F.3d 142, 149-50 (4th Cir. 2007); see Olano, 507 U.S. at 734 (explaining that "plain" error "is synonymous with clear or . . . obvious" error (internal quotation marks omitted)).

Joyner's challenge to the validity of his guilty plea also fails because it is contrary to his sworn statements at the Fed. R. Crim. P. 11 hearing. At two separate times during the hearing, the district court explained that Count Two charged Joyner with possession with intent to distribute twenty-eight grams or more of cocaine base between January and May 2011. At no point did Joyner express any confusion about this element or otherwise identify any concern about how the offense was charged. To the contrary, Joyner testified that he understood the charge and that he was in fact guilty as charged.

Absent compelling evidence to the contrary, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005); see Blackledge v. Allison, 431 U.S. 63, 74 (1977) (holding that a defendant's declarations at the Rule 11 hearing "carry a strong presumption of verity"). Because of that strong presumption and without more, Joyner's claim that he did not understand this element does not support vacating his conviction.

In accordance with Anders, we have reviewed the entire record in this case and have identified no meritorious issues

7

for appeal. The district court complied with the requirements of Rule 11(b), ensuring that Joyner's guilty plea was knowing and voluntary and supported by an independent basis in fact. Accordingly, we affirm the criminal judgment.

This court requires that counsel inform Joyner, in writing, of his right to petition the Supreme Court of the United States for further review. If Joyner requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Joyner. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED