**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4900**

———————

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

    v.

HAFAN ANTONIO RILEY,

         Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:12-cr-00251-JFA-1)

———————

Submitted:  November 24, 2014      Decided:  December 2, 2014

———————

Before NIEMEYER and KING, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

G. Wells Dickson, Jr., WELLS DICKSON, P.A., Kingstree, South Carolina, for Appellant.  William Kenneth Witherspoon, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hafan Antonio Riley appeals his conviction and the 240-month sentence imposed by the district court after he pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012). Riley's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has found no meritorious grounds for appeal but questioning the denial of Riley's motion to suppress, the adequacy of the plea hearing, the validity of the prior convictions used to determine the statutory sentencing range, and reasonableness of Riley's sentence. Although informed of his right to do so, Riley has not filed a pro se supplemental brief. We affirm the judgment of the district court.

We decline to consider Riley's challenge to the denial of his motion to suppress because Riley waived this issue by pleading guilty. See United States v. Bowles, 602 F.3d 581, 582 (4th Cir. 2010). Next, having reviewed the transcript of the plea colloquy, we conclude that the district court substantially complied with the requirements of Fed. R. Crim. P. 11, and that the court's failure to inform Riley of his right to counsel at every stage of the proceedings and the possibility of departing from the Guidelines range did not affect Riley's substantial

rights. See United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009) (providing standard). With regard to the validity of the prior conviction, we conclude that the information proffered by the Government adequately supported the statutory range applied by the district court. See 21 U.S.C. §§ 841(b)(1)(A), 851 (2012). Finally, our review leaves us with no doubt that there is no substantive or procedural error in the district court's imposition of the statutory minimum sentence of 240 months' imprisonment. See Gall v. United States, 552 U.S. 38, 51 (2007).

In accordance with Anders, we have reviewed the entire record for any meritorious grounds for appeal and have found none. Accordingly, we affirm the district court's judgment and deny Riley's motion requesting copies of the grand jury materials in this case. This court requires that counsel inform Riley, in writing, of his right to petition the Supreme Court of the United States for further review. If Riley requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Riley. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED