**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4144**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

SAMUEL EUGENE HOLLOMAN,

               Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:15-cr-00246-WO-1)

Submitted: January 18, 2017        Decided: February 9, 2017

Before NIEMEYER, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dhamian A. Blue, BLUE LLP, Raleigh, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Eugene Holloman appeals his conviction and sentence for possessing with intent to distribute a mixture containing 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2012), and being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Holloman pleaded guilty through a written plea agreement, and the district court sentenced him to 168 months' imprisonment. On appeal, Holloman's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that he found no meritorious issues for appeal because of Holloman's waiver of his right to appeal, but questioning three aspects of the proceeding below. Holloman did not file a supplemental pro se brief after receiving notice of his right to do so, and the Government elected not to respond to the Anders brief.

Although Holloman's plea agreement contained an appellate waiver, the Government has not sought to enforce it in this case. Thus, we review the record as required by Anders. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) ("If an Anders brief is filed, the government is free to file a responsive brief raising the waiver issue (if applicable) or do nothing, allowing this court to perform the required Anders review.").

In the Anders brief, counsel, while expressing his belief that the appeal waiver bars the appeal, questions the district court's denial of Holloman's motion to suppress, calculation of the drug quantity for sentencing, and enhancement of Holloman's sentence for maintaining a premises to manufacture or distribute a controlled substance. Holloman waived any appeal based on his motion to suppress because he did not enter a conditional plea preserving the right to appeal that issue. See United States v. Bowles, 602 F.3d 581, 582 (4th Cir. 2010).

Counsel's arguments against Holloman's sentence also fail. The preponderance of the evidence shows that Holloman "was responsible for at least the drug quantity attributed to him." United States v. Kiulin, 360 F.3d 456, 461 (4th Cir. 2004). In particular, the district court credibly linked seized currency to the sale of heroin and therefore properly converted the currency into heroin weight when calculating the drug quantity. See United States v. Sampson, 140 F.3d 585, 592 (4th Cir. 1998).

For the premises enhancement, we review the district court's decision for plain error because Holloman did not object to the enhancement at sentencing. See United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012). Police found Holloman inside the premises without the owner, but with a person who appeared to receive orders from Holloman regarding the drugs and paraphernalia inside the home. Because those

3

facts indicate Holloman controlled the illicit activities at the premises, the district court did not plainly err when it applied the premises enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(12), cmt. n.17 (2015).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Holloman, in writing, of the right to petition the Supreme Court of the United States for further review. If Holloman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Holloman.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED