**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6280**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

GREGORY YOUNG BOWLES, a/k/a New York,

        Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Margaret B. Seymour, Senior District Judge. (1:04-cr-00170-MBS-1; 1:16-cv-00830-MBS)

Submitted: April 12, 2018                 Decided: May 16, 2018

Before DUNCAN and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Beth Drake, United States Attorney, Brook Bowers Andrews, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Young Bowles pleaded guilty to possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court determined that Bowles was subject to a sentencing enhancement under the Armed Career Criminal Act (the "ACCA") because he had four previous convictions "for a violent felony or a serious drug offense, or both." *See* 18 U.S.C. § 924(e)(1). These convictions were: (1) engaging in a continuing criminal enterprise, 21 U.S.C. § 848; (2) New York third-degree criminal sale of a controlled substance, N.Y. Penal Law § 220.39; (3) New York second-degree robbery, N.Y. Penal Law § 160.10; and (4) New York third-degree robbery, N.Y. Penal Law § 160.05. On appeal, Bowles concedes that the first two convictions involved serious drug offenses. Nonetheless, he argues that his enhanced sentence is unlawful because New York second- and third-degree robbery are not violent felonies. For the reasons that follow, we affirm.

I.

In 2007, Bowles pleaded guilty to possession of a firearm and ammunition by a convicted felon. At the time of his guilty plea, Bowles had prior convictions for: (1) engaging in a continuing criminal enterprise; (2) New York third-degree criminal sale of a controlled substance; (3) New York second-degree robbery; and (4) New York third-degree robbery. The district court determined that these convictions triggered a sentencing enhancement under the ACCA, which applies to defendants who have at least three previous convictions "for a violent felony or a serious drug offense, or both." 18

2

U.S.C. § 924(e)(1). After sentencing, Bowles appealed his conviction. We held that Bowles waived his right to appeal his conviction by pleading guilty and dismissed the case. *See United States v. Bowles*, 602 F.3d 581, 582–83 (2010).

In 2015, the Supreme Court invalidated part of the ACCA's definition of violent felony. *See United States v. Johnson*, 135 S. Ct. 2551, 2555–57 (2015) (holding that the ACCA's residual clause, which defined a violent felony as an offense that involves "a serious potential risk of physical injury to another," was unconstitutionally vague (quoting 18 U.S.C. § 924(e)(2)(B)(ii))). Bowles timely filed a motion for collateral review of his sentence, pursuant to 28 U.S.C. § 2255. Bowles conceded that his convictions for engaging in a continuing criminal enterprise and criminal sale of a controlled substance were serious drug offenses. But he argued that he was not subject to the ACCA's sentencing enhancement because his New York robbery convictions did not qualify as violent felonies under the surviving definition.

The district court dismissed Bowles's motion, holding that New York second- and third-degree robbery are violent felonies under the ACCA's "force clause," which *Johnson* did not invalidate. The force clause covers prior offenses that have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Bowles timely appealed.

## II.

We review de novo whether a prior offense qualifies as a violent felony under the ACCA. *See United States v. Winston*, 850 F.3d 677, 683 (4th Cir. 2017). To answer this

question, we apply the "categorical approach," which requires us to compare the statutory definition of the prior offense (as opposed to the facts underlying a defendant's conviction for that offense) to the scope of conduct covered by the ACCA. *Taylor v. United States*, 495 U.S. 575, 602 (1990). The prior offense qualifies as a violent felony if it criminalizes substantially the same scope of conduct as, or defines the crime more narrowly than, the ACCA. *See Descamps v. United States*, 570 U.S. 254, 261 (2013). However, if the prior offense is broader than the ACCA, it is not a violent felony. *See id.* In this case, we hold that Bowles's prior convictions for New York second- and third-degree robbery categorically qualify as violent felonies under the ACCA's force clause.

Bowles argues that New York second- and third-degree robbery criminalize a broader scope of conduct than the force clause does. Specifically, he argues that the relevant New York statutes criminalize thefts involving de minimis force, while the ACCA requires the use or threatened use of force capable of causing physical pain or injury. We reject this argument because it is premised on a misunderstanding of New York law. Although the ACCA's force clause requires more than de minimis force, so do New York second- and third-degree robbery.

A prior offense is a violent felony under the ACCA's force clause if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has held that the term "physical force" in this definition means something more than unwanted touching; it means "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). For example, "a slap in the face." *Id.* at 143.

4

Similarly, both New York second- and third-degree robbery require a defendant to "forcibly steal[] property," N.Y. Penal Law §§ 160.05, 160.10, which the New York Penal Law defines as "us[ing] or threaten[ing] the immediate use of physical force upon another person" during the commission of a larceny, *id.* § 160.00. The New York Court of Appeals has not defined what constitutes "physical force" in this context. But New York's intermediate appellate courts have held that it "requires significantly more than mere unwanted physical contact." *People v. Curet*, 683 N.Y.S.2d 602, 603 (N.Y. App. Div. 1998);[1] *see also People v. Middleton*, 623 N.Y.S.2d 298, 299–300 (N.Y. App. Div. 1995). For example, the prosecution might prove physical force by demonstrating that the victim was "intimidated, knocked down, struck, or injured." *See Middleton*, 623 N.Y.S.2d at 299. New York courts thus interpret second- and third-degree robbery to require substantially the same type of physical force as the ACCA's force clause.

Bowles attempts to avoid this conclusion by citing *People v. Bennett*, 631 N.Y.S.2d 834 (N.Y. App. Div. 1995), for the proposition that a New York robbery conviction can rest on conduct that does not result in any unwanted touching, let alone pain or injury. But his reliance on *Bennett* is misplaced. That case did not address the type of physical force required to commit New York second- and third-degree robbery. *Bennett* merely held that the threat of physical force could support a robbery conviction

---

[1] Although *Curet* discussed the force required to commit first-degree robbery, its holding applies to second- and third-degree robbery as well because New York's Penal Law provides the same definition of "forcible stealing" for all three robbery statutes. N.Y. Penal Law § l60.00; *see also People v. Gordon*, 16 N.E.3d 1178, 1183 (N.Y. 2014).

5

even if the victim was not actually injured. *See id.* at 834 ("[R]equirement that robbery involve use, or threat of immediate use, of physical force does not mean that weapon must be used or displayed or that victim must be physically injured or touched."). Because the ACCA's force clause also includes the "threatened use of physical force," *Bennett* does not place New York second- or third-degree robbery out of the ACCA's reach.

Finally, Bowles cites several New York cases, which hold that a push or shove meant to overcome a victim's resistance is sufficient physical force to support a robbery conviction. *See, e.g.*, *People v. Jones*, 895 N.Y.S.2d 591, 593 (N.Y. App. Div. 2010); *see also People v. Lee*, 602 N.Y.S.2d 138, 139 (N.Y. App. Div. 1993); *People v. Safon*, 560 N.Y.S.2d 552, 552 (N.Y. App. Div. 1990). Bowles argues that these cases do not involve force capable of causing physical pain or injury to another person. This argument is unavailing. If a slap in the face qualifies as force capable of causing physical pain, *see Johnson*, 559 U.S. at 143, then so must a push or a shove meant to rip property from a person who is resisting a theft.

## III.

For these reasons, we hold that Bowles's prior convictions for New York second- and third-degree robbery qualify as violent felonies under the ACCA's force clause. The judgment of the district court is thus

*AFFIRMED.*

6