**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4358**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT T. HANCASKY, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:17-cr-00158-LO-1)

Submitted: January 31, 2019              Decided: February 21, 2019

Before GREGORY, Chief Judge, and RICHARDSON and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul P. Vangellow, PAUL P. VANGELLOW, P.C., Falls Church, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Whitney Dougherty Russell, Assistant United States Attorney, Kyle P. Reynolds, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert T. Hancasky, Jr., pleaded guilty—without a plea agreement, and unconditionally—to one count of conspiracy to distribute oxycodone and methadone, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012). He received a sentence of 66 months in prison and three years of supervised release. Hancasky appeals, arguing primarily that the district court erred in limiting evidence he hoped to introduce at trial about his physical and mental condition during the conspiracy and that his guilty plea was involuntary. We affirm.

At the outset, we note that Hancasky's counsel filed what he calls a "hybrid" brief, purporting to raise issues counsel believes have merit and issues Hancasky "has insisted be raised on appeal pursuant to the holding of *Anders v. California*, 386 U.S. 738 (1967)." (Appellant's Br. at 1). Hancasky has also filed a pro se motion for leave to file a supplemental brief, arguing in his proposed brief that the Government violated his rights under the Speedy Trial Act, 18 U.S.C. § 3161 (2012), by failing to timely return the indictment against him.

Regarding Hancasky's pro se motion for leave to file a supplemental brief on the Speedy Trial Act claims, we note this is not an *Anders* case. Therefore we deny Hancasky's motion to file a supplemental brief and decline to address his speedy trial argument. *See United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011) (denying defendant's motion to file pro se supplemental brief because defendant was represented by counsel and appeal was not submitted pursuant to *Anders*). Hancasky,

2

represented by counsel, has no right to file pro se briefs or raise his own arguments on appeal.[*] *See United States v. Cohen*, 888 F.3d 667, 682 (4th Cir. 2018).

We turn to the issues raised by Hancasky's counsel. He contends that the district court erred in limiting Hancasky's ability to introduce evidence of his physical, psychological, and emotional condition during the conspiracy through his own testimony and a post arrest video. In the wake of that alleged error, counsel contends, Hancasky pleaded guilty "at least in part because he could not tell his whole story to the jury"— which, in counsel's view, makes his guilty plea involuntary. (Appellant's Br. at 13).

A guilty plea is only involuntary, however, if it is induced by threats, blatant misrepresentations, or improper promises, such as bribes. *See Brady v. United States*, 397 U.S. 742, 755 (1970); *United States v. Fisher*, 711 F.3d 460, 464-65 (4th Cir. 2013). The pressure or pessimism a defendant may feel because of an adverse pretrial evidentiary ruling does not qualify as an improper inducement. *See United States v. Davis*, 954 F.2d 182, 185 (4th Cir. 1992) (rejecting argument that plea was involuntary because evidentiary ruling foreclosing potentially effective defense exerted "impermissible pressure" on defendant to plead guilty). Hancasky and his counsel offer no other arguments about the voluntariness or overall validity of the guilty plea. Therefore, we uphold the plea as valid. And Hancasky's valid and unconditional guilty plea waives any arguments about any nonjurisdictional errors that occurred before he

---

[*] Hancasky's speedy trial argument lacks merit in any event, for the reasons provided by the district court in rejecting it.

3

entered his plea—including any argument about the evidentiary limitations set by the district court. *See United States v. Bowles*, 602 F.3d 581, 582-83 (4th Cir. 2010); *United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*