People v Bello (2021 NY Slip Op 06453)





People v Bello


2021 NY Slip Op 06453


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Webber, J.P., Kern, González, Mendez, Shulman, JJ. 


Ind No. 508/17 Appeal No. 14626 Case No. 2018-5489 

[*1]The People of the State of New York, Respondent,
v
Leopouldo Bello, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Alba R. Morales of counsel) and Debevoise & Plimpton LLP, New York (Michael McGregor of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alice Wiseman of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered May 11, 2018, convicting defendant, after a jury trial, of four counts of assault in the second degree and two counts of attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of seven years, unanimously affirmed.
The court providently exercised its discretion in denying defendant's motion for a dismissal of the indictment or a mistrial with prejudice based on the People's belated disclosure of a videotaped statement by defendant that, among other things, related to defendant's alleged intoxication at the time of the crime. The court properly concluded that this belated disclosure did not violate Brady v Maryland (373 US 83 [1963]). "To establish a Brady violation, a defendant must show that: (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (People v Fuentes, 12 NY3d 259, 263 [2009] citing Strickler v Greene, 527 US 263, 281-282 [1999]).
Although the statement was exculpatory, it was self-exculpatory, and would have been inadmissible hearsay if offered by defendant. Defendant asserts that had he known about the statement earlier, he would have modified his defense strategy. However, the record is silent as to why, although aware of the statements made to law enforcement, he did not convey this information to his attorney (see People v LaValle, 3 NY3d 88, 110 [2004]). In any event, once counsel was made aware of the existence of the statement an adjournment was still available, and the court suggested other suitable remedies including precluding the People from using the videotaped statement to impeach defendant in the event he gave testimony which was inconsistent with the statement.
Defendant has failed to show that "prejudice arose because the suppressed evidence was material" (Fuentes, 12 NY3d at 263). Defendant argues that earlier disclosure of the statement would have resulted in a different verdict in that he would have located and called witnesses who would have testified in accordance with his statement that he was too intoxicated to form the requisite intent. However, in order to negate the intent element, the intoxication must be "incapacitating" (People v Rivera, 160 AD2d 419, 419 [1st Dept 1990], lv denied 76 NY2d 1024 [1990]). Here, the testimony established that defendant was not so intoxicated that he did not have the requisite intent to commit the crimes of which he was convicted. The testimony establishes that the overall conduct of defendant and his codefendants of pursuing the complainants and repeatedly attacking them established that defendant had the requisite intent (see People v Manning, 1 AD3d 241, 242 [1st Dept 2003], lv denied 1 NY3d 630 [2004] [evidence insufficient for a reasonable person to accept [*2]defendant's intoxication defense where his "overall course of conduct showed that he was behaving purposefully"]; Rivera, 160 AD2d at 419 [defendant's conduct in stalking the victim did not support an inference that he was so intoxicated as to negate the intent element]).
Defendant failed to preserve his challenge to the court's omission from its final charge of its intended instruction that the jury should draw no unfavorable inference from defendant's decision not to testify, and we decline to review it in the interest of justice. As an alternate holding, we find that defendant could not have been prejudiced, given that, in this short trial, the court gave the no-inference instruction during voir dire and during its preliminary instructions.
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021